# EXHIBIT 1

Subpoena to Discord Inc.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

In re Ex Parte Application of Aditya Berlia for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Aid in Use of a Foreign Proceeding
*Plaintiff*
v.

*Defendant*

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Discord Inc., c/o its registered agent, The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Exhibit A.

| Place: Curtis, Mallet-Prevost, Colt & Mosle LLP<br>c/o Eric J. Cassidy, Esq.<br>909 Fannin Street, Ste. 3800<br>Houston, TX 77010 | Date and Time:<br>To be specified upon court granting leave to issue subpoena |
|---|---|

☑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: Curtis, Mallet-Prevost, Colt & Mosle LLP<br>909 Fannin Street, Ste. 3800<br>Houston, TX 77010 | Date and Time:<br>To be specified upon court granting leave to issue subpoena. |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: October 6, 2025

*CLERK OF COURT*

*Signature of Clerk or Deputy Clerk*

OR

*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Aditya Berlia
Jerrold L. Bregman; Curtis, Mallet-Prevost, Colt & Mosle LLP, , who issues or requests this subpoena, are:
101 Park Ave, New York, New York 10178; jbregman@curtis.com; 212-696-6000

**Notice to the person who issues or requests this subpoena**

**If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).**

Civil Action No.

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ____________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________

______________________________________________ on *(date)* ____________ ; or

❒ I returned the subpoena unexecuted because: ______________________

______________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ____________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ____________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## INSTRUCTIONS

1. Whenever appropriate, the singular form of a word shall also be interpreted as plural, and the plural form of a word shall also be interpreted as singular.

2. In producing documents and other materials, you are requested to furnish all responsive documents or things in your possession, custody, or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives, or investigators.

3. Each requested document shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto. If any of the requested documents cannot be produced in full, produce them to the extent possible, and specify the reason for your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portions.

4. If any part of a document is responsive to any request, the whole document is to be produced. Each document shall be produced in its entirety, including any attachments. No non-privileged material shall be redacted.

5. If any document is withheld on the basis of any claim of privilege or work product, set forth the following information: (1) authors, (2) recipients, (3) date of the document or the date upon which the document was produced, (4) description of the subject matter of the document, and (5) the grounds for asserting the claim of privilege or work product.

6. In responding to these requests, please produce the documents as they are kept in the usual course of business or organize and label them to correspond with the categories of these requests.

7. Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a final document is a separate and distinct document, and it must be produced.

8. When information with respect to a corporation, partnership, limited liability company, or unincorporated association or entity is called for in the requests, such reference shall be construed to include information with respect to that entity and any and all predecessors and successors in interest, parents, subsidiaries, affiliates, divisions or departments, agents, representatives, directors, officers, employees, committees, accountants, and all other persons or entities acting on its behalf or under its control.

9. These requests are continuing in nature. If you, subsequent to your initial response to this set of requests, discover or locate any additional documents not previously produced but which properly would have been produced if the documents had been known or available to you at the time of your initial response, such additional information shall be supplied by supplemental response.

10. Unless otherwise indicated in a particular request, the time period covered by these requests is January 1, 2023 through the present.

11. All documents, electronically stored information and tangible things ("ESI") should be produced in native cloud file format, a PDF, or a TIFF image.

## DEFINITIONS

1. "And" and "or" are to be construed both conjunctively and disjunctively as necessary to make these requests inclusive rather than exclusive.

2. "Any" and "all" shall each mean "any and all."

3. "Including" and "include" shall mean "including but not limited to."

4. "Document" is used in its broadest sense and shall mean, without limitation, any written, typed, graphic, or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits, and appendices thereto, and in its original form (or copies thereof where originals are unavailable), together with any copies thereof bearing notations, memoranda, or other written information not on the original, including, but not limited to, correspondence, memoranda, notes, drafts, records, letters, WhatsApp messages, i-messages, texts, text messages, envelopes, telegrams, teletypes or telecopy messages, facsimile messages, contracts, agreements, statistical statements and records, financial statements, trade letters, press releases, plans, schedules, comparisons, telephone logs and messages, articles, magazines, newspapers, resolutions, minutes or transcripts of meetings, inter-office and intra-office communications, electronic mail/message, charts, graphs, photographs, audio recording, films, tapes, discs and diskettes, data cells, print-outs, computer input data, computer output data, computer runs, including without limitation, electronically sensitive storage media such as microfiche, microfilm, computer disk, magnetic tapes, including any deleted files and any archived files, and any preliminary data or revisions of the foregoing, or other tangible things which constitute or contain matters within the scope of the Federal Rules of Civil Procedure, and which are within the possession, custody, or control of you or any past or present agent, employee, consultant, attorney, or any other person acting on your behalf.

5. "Application" refers to the Aditya Berlia's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery in aid of foreign proceedings.

6. "Applicant" is Aditya Berlia.

7. Godwin refers to Jeff or Jeffrey Godwin, a.k.a. Jeff or Jeffrey Gorden.

8. "Parnika" or "RaylaMoon" refers to Parnika Aditya Berlia.

9. The "Minor Children" refer to the two daughters of Parnika Aditya Berlia and Aditya Berlia.

**FEDERAL RULE OF CIVIL PROCEDURE 34**
**REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS**

**ESI INSTRUCTIONS**

1. Respondent is to provide access to the Discord server used by Respondent and any and all documents and materials relating to the channel named "what lovers do" to Applicant's forensic computer expert.

2. Access includes, but is not limited to, the channels or subgroups identified as #passion-with-pics, #toys-to-try, and #naughty needs, as well as any information stored in cloud computing related to these channels and the Discord server used by Godwin and referenced in this request, along with Respondent's personal hard drives on any desktop or laptop computer, tablet, smartphone, or analogous device.

3. Applicant will provide copies of all materials and information collected by the forensic computer expert to Respondent.

4. Applicant's forensic computer expert is allowed, under chain-of-custody, to retrieve ESI and the documents requested, as well as any evidence indicating attempts to delete or manipulate the documents and materials requested.

**DOCUMENTS REQUESTED**

1. Any and all documents exchanged between Jeffery Godwin ("Godwin"), on the one hand, and Parnika Aditya Berlia ("Parnika"), on the other hand.

5. Any and all documents relating to a private Discord server and the channel named "what lovers do." This includes, but is not limited to, the channels or subgroups identified as #passion-with-pics, #toys-to-try, and #naughty needs.

3. Any and all documents referencing or referring to RaylaMoon.

4. Any and all documents and photographs relating to the Minor Children of Parnika.

5. All photographs, videos, or any other media depicting the Minor Children sent by the Parnika or RaylaMoon to Godwin, including the full conversation threads in which they were shared.

6. All communications wherein the Minor Children are named or discussed.

7. All photographs and videos of Parnika/RaylaMoon sent by her to Godwin.

8. All communications referring to or referencing Parnika's/RaylaMoon's husband, Aditya Berlia.

9. All communications referring to or referencing the state of Parnika's/RaylaMoon's marriage and/or plans for divorce.

10. All communications referring to or referencing Parnika's/RaylaMoon's potential plans or plans to meet Godwin in person.

11. All communications in Godwin's possession or control (including but not limited to screenshots or forwarded messages) in which the Parnika/RaylaMoon discusses, depicts, or shares her communications with any third parties, including communications that involve photographs, material or images of the Minor Children.

12. All communications in Godwin's possession or control (including but not limited to screenshots or forwarded messages) in which the Parnika/RaylaMoon discusses, depicts, or shares her communications with any third parties, including communications that involve material, photographs or images of the Minor Children.

13. All communications by Parnika/RaylaMoon in the channel "boo discord," including communications that involve material, photographs, or images of the Minor Children.