CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Jerrold L. Bregman
C.A. Bar No. 149896
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Email: jerry.bregman@curtis.com

Eric J. Cassidy (*pro hace vice forthcoming*)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
2 Houston Center
909 Fannin Street, Suite 3899
Houston, Texas 77010
Tel.: (713) 759-9555
Fax: (713) 759-0712
Email: ecassidy@curtis.com

*Attorneys for Applicant*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aditya Berlia,<br><br>*Applicant*.<br><br>FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO OBTAIN DISCOVERY IN AID OF FOREIGN PROCEEDINGS | No.: |

**MEMORANDUM IN SUPPORT OF APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ..... ii

FACTUAL BACKGROUND ..... 2

ARGUMENT & AUTHORITY ..... 6

A. Legal Standard ..... 6

B. The Application Satisfies Section 1782's Statutory Requirements ..... 6

C. The Application Satisfies the Discretionary Factors Stated in *Intel* ..... 7

1. Respondent Discord Inc. is not a party to the Dubai legal proceedings. ..... 8

2. The UAE courts would be receptive to discovery assistance from U.S. courts. ..... 8

3. The Application does not seek to circumvent foreign proof-gathering restrictions. ..... 9

4. The information sought is not unduly burdensome. ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

## Cases

*Banco Mercantil de Norte, S.A. v. Páramo*,
No. 4:23-MC-01188, 2024 LX 41868 (S.D. Tex. Nov. 27, 2024) .......................................... 10

*Euromepa S.A. v. R. Esmerian, Inc.*,
51 F.3d 1095 (2d Cir. 1995) ................................................................................................ 8

*Gushlack v. Gushlack*,
486 F. App'x 215 (2d Cir. 2012) ...................................................................................... 1, 9

*In re Akhedova*,
No. 20-mc-80156-VKD (N.D. Cal. Nov. 24, 2023) ............................................................ 2, 9

*In re Akhmedova*,
No. 5-20-MC-1099-JKP-RBF (W.D. Tex. Oct. 30, 2020) ........................................... 1, 2, 8, 9

*In re Applic. of OF 0000 Promnefstroy*,
2009 WL 3335608 (S.D.N.Y. Oct. 15, 2009) ........................................................................ 8

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
No. C07-5944-SC, 2013 U.S. Dist. LEXIS 8255, 2013 WL 183944
(N.D. Cal. Jan. 17, 2013) ...................................................................................................... 9

*In re Eurasian Natural Resources Corp. Ltd.*,
No. 18-mc-80041-LB, 2018 U.S. Dist. LEXIS 54857, 2018 WL 1557167
(N.D. Cal., Mar. 30, 2018) .................................................................................................. 10

*In re Google, Inc.*,
No. 14-mc-80333-DMR, 2014 U.S. Dist. LEXIS 173085, 2014 WL 7146994
(N.D. Cal., Dec. 15, 2014) .................................................................................................. 10

*In re Invest Bank PSC*,
567 F. Supp. 3d 449 (S.D.N.Y. Oct. 15, 2021) ..................................................................... 8

*In re InvestBank PSC*,
2020 U.S. Dist. LEXIS 244597 (S.D.N.Y. Dec. 20, 2020) ...................................................... 8

*In re Joint Stock Co. Raiffeinsenbank*,
No. 16-mc-80203-MEJ (N.D. Cal. Nov. 2, 2016) .................................................................. 8

*In re Newbrook Shipping Corp*,
2020 WL 6451939 (D. Md. Nov. 3, 2020) ........................................................................... 10

*In re Partners*,
635 F. Supp. 3d 900 (N.D. Cal. 2022) .......... 7

*In re Qualcomm Inc.*,
162 F. Supp. 3d 1029 (N.D. Cal. 2016) .......... 10

*In re Varian Med. Sys.*,
2016 U.S. Dist. LEXIS 38911, 2014 WL 1161568 .......... 9

*Intel Corp. v. Advanced Micro Devices*,
542 U.S. 241 (2004) .......... passim

*United States v. Google LLC*,
690 F. Supp. 3d 1011 (N.D. Cal. 2023) .......... 7, 8

**Statutes and Rules**

28 U.S.C. § 1782 .......... 1, 6, 7, 11

FED. R. CIV. P. 34 .......... 1

Applicant Aditya Berlia files this *ex parte* Application under 28 U.S.C. § 1782 and requests an order requiring Respondent Discord Inc. to produce documents and deposition testimony. The evidence will be used in a foreign legal proceeding in Dubai, the United Arab Emirates.

The legal proceedings relate to the welfare of Berlia's twin, 6-year-old daughters in a divorce and child conservatory suit. *See Gushlack v. Gushlack*, 486 F. App'x 215, 216 (2d Cir. 2012) (affirming district court order that allowed § 1782 discovery in connection with divorce proceeding in Cayman Islands); *see also In re Akhmedova*, No. 5-20-MC-1099-JKP-RBF (W.D. Tex. Oct. 30, 2020) (granting § 1782 Application for discovery to aid foreign divorce proceeding).

Respondent Discord Inc. provides servers for use by individuals and companies. One such individual is named Jeffrey Godwin. Mr. Godwin has solicited and received electronic photographs of the Applicant's two minor children through a Discord Inc. server. Godwin participates in an online polygamy group hosted on a Discord Inc. server with Applicant's estranged wife, Parnika Aditya Berlia ("Parnika"). The site contains explicit sexual photographs of Godwin and Applicant's wife.

Applicant requests that the Court grant leave for him to serve a subpoena to Discord Inc. under Federal Rule of Civil Procedure 34 to access information and electronically stored information hosted by Discord Inc. through its servers and cloud computing specific to Godwin, Applicant's wife, and Applicant's two children. Applicant is requesting discovery into the extent to which the photographs of the children were shared online in this electronic polygamy forum and media, as well as what type of photographs were shared, and whether Godwin is attempting to

delete photographs and communications of the children and his sexual activities to conceal these online activities.[1]

In addition, Applicant seeks discovery to authenticate documents that are in Respondents Discord Inc.'s possession, custody and control, as well as an order allowing a forensic computer expert to review the Discord hard drives and sites accessed and used by Godwin and cloud computing, chats, emails, and videos directly related to Godwin and Applicant's wife and children. Applicant seeks the discovery to determine the extent that photographs and personal information related to the children have been distributed in online chat groups. *See In re Akhmedova*, No. 5-20-MC-1099-JKP-RBF, at *12 (W.D. Tex. Oct. 30, 2020) (granting request for subpoena for documents concerning cloud services and archiving related to email accounts); *In re Akhedova*, No. 20-mc-80156-VKD, at *12-13 (N.D. Cal. Nov. 24, 2023) (denying motion to quash and ordering Google to produce responsive documents directly to an IT forensic expert).

## FACTUAL BACKGROUND

### A. The Foreign Proceedings

The legal proceedings in the Dubai Courts are between Petitioner Aditya Berlia and his estranged wife, Parnika Aditya Berlia. The matters are before the Dubai Courts, Government of Dubai. The case numbers are:

**Exhibit A-1:** Case number 639 / 2025: Petition for Divorce.

**Exhibit A-2:** Case number 702 / 2025: Filing for Divorce and custody.

---

[1] Godwin's criminal history includes pleading guilty for Aggravated Assault Causes Bodily Injury and being charged for sexual assault in Collin County District Court, Texas. See *State of Texas v. Jeffrey Allen Godwin*, Case No. 401-82371-2014 (Collin County District Court, Oct. 9, 2014) and *State of Texas v. Jeffrey Allen Godwin*, Case No. 401-81924-2013 (Collin County District Court, Aug. 20, 2013).

> **Exhibit A-3:** Case number 3653 / 2025: Application for Travel Restrictions to Prevent Kidnapping.
>
> **Exhibit A-4:** Court orders granting the Application for Travel Restrictions for the Two Minor Children.
>
> **Exhibit A-5:** Official Statement of Party's Cases; Dubai Courts; Government of Dubai.
>
> **Exhibit A-6:** Notice of Court Hearing on October 10, 2025.

*See* Declaration of Aditya Berlia at ¶ 5 (hereinafter "Decl. at ¶ __").

**B. Background on the Parties related to this Application**

Mr. Aditya Berlia, the Applicant, resides in the United Arab Emirates, the Emirate of Dubai. *See* Decl. at ¶ 1. He is the claimant in a divorce proceeding against his wife, Parnika Aditya Berlia ("Parnika"). *See* Decl. at ¶ 4. Mr. Berlia has been married for nearly a decade. The marital relationship resulted in the Berlias having twin daughters, both age 6 years and born on the same day in 2019. *Id*.

Respondent Discord Inc. is a domestic corporation formed in Delaware. Discord Inc.'s headquarters is in San Francisco and located at 444 De Haro Street, Suite 200, San Francisco, CA 94107. Discord Inc. provides servers to host and assist in organizing online conversations into "topic-based channels." Known generally in the gaming community, Discord promotes conversations about online game releases and private conversations in communities "to talk about whatever."[2] Godwin and Parnika are using Discord to host and participate in polygamous communities, gamer communities and chats and to share explicit photographs and videos. *See* Decl. at ¶ 7. They have also shared photographs and private information about the children,

[2] https://discord.com/servers, accessed on Sept. 23, 2025.

including medical information and the residential address of the daughters, in the same online "channels." *Id*.

Jeffrey Godwin is not a respondent in this proceeding. He is not a party to the Dubai litigation. *See* Decl. at ¶ 5. He is a Texas resident. Applicant has filed a 28 U.S.C. 1782 Application against him in the Eastern District of Texas, case number 4:25-mc-00014. On information and belief, Godwin's criminal history includes pleading guilty for Aggravated Assault Causes Bodily Injury and being charged for sexual assault in Collin County District Court, Texas.

**C. Relevant Facts in support of this Application**

As stated earlier, Applicant's estranged wife, Parnika, and Godwin are members and hosts of a sexually explicit polygamous community. *See* Decl. at ¶ 7. They communicate through a private Discord server through an online group or "channel" named "what lovers do." **Exhibit A-5**. Discord provides access to the servers that contain the "channels" or sub-areas used by Godwin and Parnika. The channels or subgroups related to them are named in part: #passion-with-pics, #toys-to-try, and #naughtyneeds. *Id*.

Godwin communicates with more than one married woman within the online channels. *See* Decl. at ¶ 8. He has multiple relationships with individuals referred to as "Jess" and "Kristin" or what he refers to as "the Harem." *Id*. Parnika has adopted the online name of "RaylaMoon." *Id*. The interactions between Godwin and Parnika are not an isolated event. They appear to be part of Godwin's calculated online sexual lifestyle.[3] The two have exchanged explicit sexual communications, including nude and explicitly sexual videos. *Id*.

[3] More broadly, Godwin appears invested in the "game world" and specifically the online game *Rise of Kingdoms*.

Godwin has actively discussed with Parnika the idea of her leaving her husband, taking the children, and relocating to the U.S. *See* Decl. at ¶ 9. He has suggested a "magic trick" or "disappearing act," in which Parnika would move the children to the United States without court authorization. *Id*.; **Exhibit A-6**. Parnika responded to Godwin's plan for a "disappearing act" by stating: "So kidnap them," referring to the children. *Id*.; **Exhibit A-6.**

Parnika in fact attempted to leave Dubai with the children, which resulted in the Dubai court order banning travel for their safety. *Id*.; **Exhibit A-4.**

Parnika has shared with Godwin photographs of the children in a wide variety of contexts: a grocery store, taking ski lessons, vacationing, celebrating festivals, and in the hospital. *See* Decl. at ¶ 10. It is unknown what other photographs have been transmitted through the polygamous channels. However, it is known that Parnika sent Godwin the address where the children reside and has shared extensive medical information about the health of one of the children, which has renewed concerns regarding the safety and security of the children. *Id*.

There is real concern that Parnika and Godwin will attempt to hide these activities and jeopardize the well-being and safety of the children by deleting their communications on Discord and continuing to plot the removal of the children from Dubai. For example, when Parnika was kicked out of a chat room or channel called "boo discord," she instructed Godwin to "delete any pics of my kids there please." *See* Decl. at ¶ 12. This statement is both an admission that she has transferred photographs of the children to Godwin through the polygamous site and an implicit

acknowledgement that she knows that posting photos of the children online may jeopardize the children's safety and well-being.[4]

Because of the threat to the children, and the likelihood that Godwin will delete photographs and postings related to the children to hide his illicit activities if he is notified of these action by Discord Inc., Applicant requests an *ex parte* order. *See* Decl. at ¶ 13.

**ARGUMENT & AUTHORITY**

**A. Legal Standard**

This Court should grant Mr. Berlia's *ex parte* Application because it satisfies both § 1782's statutory requirements and the discretionary factors the U.S. Supreme Court set forth in *Intel Corp. v. Advanced Micro Devices*, 542 U.S. 241, 264-65 (2004). Granting the Application would allow Berlia to timely secure documents that are highly relevant to the proceedings before the Dubai and UAE courts. This Court's granting of the Application would also serve Section 1782's "twin aims of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *Id*. at 252 (citation omitted).

**B. The Application Satisfies Section 1782's Statutory Requirements**

The Court's authority to determine whether subpoenas shall issue is rooted in 28 U.S.C. § 1782(a), which provides for "federal-court assistance in gathering evidence for use in foreign tribunals." *Intel*, 542 U.S. at 247. A federal court may grant such assistance where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3)

[4] Godwin has indicated that he would use violence and his military training to combat his rivals for Parnika's attention. *See* Decl. at ¶ 11. When Parnika referred to another online relationship with a different person, Godwin responded: "If he thinks I'm the enemy. Just let him know I'm trained to kill and have a true body count after ten years of military." *Id.*

the application is made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a).

Based on these statutory factors, the Court should grant this 1782 Application. First, Discord Inc.'s headquarters are located in this district at 444 De Haro Street, Suite 200, San Francisco, CA 94107. Second, Applicant seeks the discovery for use in a foreign proceeding, namely the Dubai legal proceeding with case number 702/2025 before the Dubai Courts in the United Arab Emirates. ***See* Exhibits A-1, A-2, A-3.** Finally, Applicant, Mr. Berlia, is an "interested person" in that litigation, as he is indeed a party to the action itself. *See* Decl. at ¶ 1; **Exhibits A-1, A-2, A-3**; *see Intel*, 542 U.S. at 256 (a "litigant" is "included among, and may be the most common example of, the 'interested person' who may invoke § 1782 …."). Accordingly, the statutory requirements of § 1782(a) are satisfied and authorize this Court to order discovery from Respondent Discord, Inc.

**C. The Application Satisfies the Discretionary Factors Stated in *Intel***

The subpoena is also warranted under the discretionary factors set forth by the Supreme Court in *Intel*. 542 U.S. at 247. Those factors direct attention to the statute's "twin aims of [-] providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Partners*, 635 F. Supp. 3d 900, 908 (N.D. Cal. 2022). The four non-exclusive factors set forth in *Intel* are: "(1) whether the person from whom discovery is sought is a participant in the foreign proceedings; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the request conceals an attempt to circumvent

foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the request is unduly intrusive or burdensome." *United States v. Google LLC*, 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023) (citing *Intel*, 54 U.S. at 264-65) (internal citations omitted).

Here, all four factors favor granting the Application and issuing the subpoena.

***1. Respondent Discord Inc. is not a party to the Dubai legal proceedings.***

First, the company from whom Applicant seeks discovery, Discord Inc., is not a party to the legal proceedings in Dubai. *See* Decl. at ¶ 5. Because the discovery target is "'outside the foreign tribunal's jurisdictional reach,'" this Court's assistance in obtaining the discovery is warranted. *United States v. Google LLC,* 690 F. Supp. 3d 1011, 1019 (N.D. Cal. 2023) (quoting *Intel*, 524 U.S. at 264). The first *Intel* factor thus weighs in favor of granting the Application.

***2. The UAE courts would be receptive to discovery assistance from U.S. courts.***

Second, and similarly, the nature of the foreign proceedings and tribunal, and the amenability of that tribunal to this Court's assistance, weigh in favor of granting the Application. Absent a "'clear directive' or 'authoritative proof that [the] foreign tribunal would reject [the] evidence obtained,'" courts generally conclude that the second *Intel* factor favors granting the § 1782 application. *In re Joint Stock Co. Raiffeinsenbank*, No. 16-mc-80203-MEJ, at *15 (N.D. Cal. Nov. 2, 2016) (quoting *Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995)). This factor "is not a question of whether the foreign court itself would order or even permit discovery on the same case, but rather is a question of how a foreign court 'might respond to § 1782 assistance from a United States court.'" *In re Applic. of OF 0000 Promnefstroy*, 2009 WL 3335608, at *7 (S.D.N.Y. Oct. 15, 2009).

Here, nothing in the record suggests that the Dubai court would refuse assistance under § 1782. U.S. courts have granted § 1782 applications seeking evidence for use in United Arab

Emirates legal proceedings. *See In re Invest Bank PSC*, 567 F. Supp. 3d 449, 452 (S.D.N.Y. Oct. 15, 2021); *In re InvestBank PSC*, 2020 U.S. Dist. LEXIS 244597, *4 (S.D.N.Y. Dec. 20, 2020). Courts have also granted applications related to evidence for use in divorce proceedings. *See In re Akhmedova*, No. 5-20-MC-1099-JKP-RBF (W.D. Tex. Oct. 30, 2020) (granting § 1782 Application for discovery to aid foreign divorce proceeding); *see also Gushlack v. Gushlack*, 486 F. App'x 215, 216 (2d Cir. 2012) (affirming district court order that allowed § 1782 discovery in connection with divorce proceeding in Cayman Islands).

Finally, federal courts have granted applications requesting discovery from companies similar to Discord Inc. and for access to emails, IT, and cloud computing. *See In re Akhmedova*, No. 5-20-MC-1099-JKP-RBF, at *12 (granting request for subpoena for documents concerning cloud services and archiving related to email accounts); *In re Akhedova*, No. 20-mc-80156-VKD, at *12-13 (N.D. Cal. Nov. 24, 2023) (denying motion to quash and ordering Google to produce responsive documents directly to an IT forensic expert).

This precedent indicates that U.S. courts have found that such evidence will be amenable for use in foreign tribunals and the second factor favors granting the Application.

#### ***3. The Application does not seek to circumvent foreign proof-gathering restrictions.***

The third *Intel* factor further weighs in favor of granting the Application. Under this factor, the Court considers whether the applicants' request for discovery "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Intel*, 542 U.S. at 265. "'A perception that an applicant has side-stepped less-than-favorable discovery rules by resorting immediately to § 1782 can be a factor in a court's analysis.'" *In re Varian Med. Sys.*, 2016 U.S. Dist. LEXIS 38911, 2014 WL 1161568, at *5 (quoting *In re*

*Cathode Ray Tube (CRT) Antitrust Litig.*, No. C07-5944-SC, 2013 U.S. Dist. LEXIS 8255, 2013 WL 183944, at *3 (N.D. Cal. Jan. 17, 2013)). Courts have found that this factor weighs in favor of discovery where there is "nothing to suggest that [the applicant] is attempting to circumvent foreign proof-gathering restrictions." *In re Google, Inc.*, No. 14-mc-80333-DMR, 2014 U.S. Dist. LEXIS 173085, 2014 WL 7146994, at *3 (N.D. Cal., Dec. 15, 2014); *see also In re Eurasian Natural Resources Corp. Ltd.*, No. 18-mc-80041-LB, 2018 U.S. Dist. LEXIS 54857, 2018 WL 1557167, at *3 (N.D. Cal., Mar. 30, 2018) (finding that the third *Intel* factor weighed in favor of discovery where there was "no evidence" of an attempt to circumvent foreign proof-gathering restrictions or policies). The circumvention factor "entails neither a discoverability requirement nor a quasi-exhaustion requirement … that would force litigants to seek information through the foreign or international tribunal before requesting discovery from the district court." *In re Newbrook Shipping Corp*, 2020 WL 6451939, at *6 (D. Md. Nov. 3, 2020) (cleaned up).

Here, the declarations submitted in support of the Application demonstrate that the Applicant is not pursuing discovery in bad faith. The evidence sought, which the Applicant represents will prove crucial to determining issues related to the well-being of the children in the Dubai legal proceedings. *See* Decl. at ¶ 6. The requested evidence sits outside the Dubai tribunal's reach; thus the Application constitutes a good-faith effort to obtain probative and otherwise undiscoverable evidence relevant to a foreign proceeding. *See Banco Mercantil de Norte, S.A. v. Páramo*, No. 4:23-MC-01188, 2024 LX 41868, at *13-16 (S.D. Tex. Nov. 27, 2024).

***4. The information sought is not unduly burdensome.***

Finally, the fourth *Intel* factor also supports granting the Application, as the discovery requested is narrowly tailored and is not "unduly intrusive or burdensome." "Requests are unduly

intrusive and burdensome where they are not narrowly tailored, request confidential information and appear to be a broad fishing expedition for irrelevant information." *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D. Cal. 2016). Far from an inexact fishing expedition, the proposed subpoena is narrowly tailored to the issues before the foreign tribunal. Moreover, the documents requested are within the possession, custody and control of Respondents. The fourth *Intel* factor thus supports issuing the subpoena.

## CONCLUSION

In summary, the Application satisfies both the statutory requirements of 28 U.S.C. § 1782 and the discretionary factors laid out by the Supreme Court in *Intel*. The Applicant, Mr. Aditya Berlia, therefore moves this Court to grant his 1782(a) Application and to further order leave to serve the proposed document and deposition subpoena on Respondent Discord Inc.

October 6, 2025

Respectfully submitted,

CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP

By: *Jerrold L. Bregman*

Jerrold L. Bregman
C.A. Bar No. 149896
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Fax: (212) 697-1559
Email: jerry.bregman@curtis.com

Eric J. Cassidy (*pro hace vice forthcoming*)
CURTIS, MALLET-PREVOST, COLT &
MOSLE LLP
2 Houston Center
909 Fannin Street, Suite 3899
Houston, Texas 77010

Tel.: (713) 759-9555
Fax: (713) 759-0712
Email: ecassidy@curtis.com

*Attorneys for Applicant*