Olivier Kiefer (SBN 332830)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94104
Telephone: (415) 590-2335
Fax: (415) 636-5965

*Attorney for Respondent*
*Discord Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782 | Case No. 3:25-MC-80306-LJC<br><br>**DISCORD INC.'S RESPONSE TO ORDER TO SERVE SECTION 1782 APPLICATION** |

Pursuant to the Court's October 22, 2025 order, Respondent Discord Inc. (Discord) respectfully submits this response in opposition to Petitioner Aditya Berlia's (Applicant) Ex Parte Application for Discovery Pursuant to 28 U.S.C. § 1782. As the Supreme Court made clear in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004) and the Ninth Circuit recently reaffirmed in *In re Gliner*, 133 F.4th 927 (9th Cir. 2025), even when the threshold statutory requirements of Section 1782 are met, district courts retain broad discretion to deny discovery requests that are "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265; *In re Gliner*, 133 F.4th at 932–33. Discord takes no position on whether the statutory prerequisites are satisfied here. However, the Court should exercise its discretion to deny the Application because the proposed subpoena is facially overbroad, unduly burdensome, and seeks information that Discord is legally prohibited from disclosing under the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–2712. For these reasons, Discord respectfully requests that the Court decline to issue the proposed subpoena.

## I. Introduction

On October 6, 2025, Applicant filed the instant Application seeking an order under Section 1782 authorizing a subpoena to Discord for documents and testimony in aid of a civil proceedings in the United Arab Emirates. Dkt. 1. In the Emirati litigation, Applicant alleges that his estranged wife, Parnika Aditya Berlia (Parnika), used Discord's platform to send photos of their minor children and to exchange other communications—including alleged intimate material—with a third party, Jeffrey Godwin. Dkt. 1 Ex. 1 at 4. Applicant's proposed subpoena, however, is extraordinarily broad. It seeks, among other things:

- "Any and all documents exchanged between Jeffery [sic][1] Godwin ('Godwin') . . . and Parnika Aditya Berlia ('Parnika')"
- "Any and all documents relating to a private Discord server and the channel names 'what lovers do' including . . . #passion-with-pics, #toys-to-try, and #naughty needs"

[1] The Application variously refers to "Jeffrey," "Jeffery," or "Jeff," further underscoring the unreliability of names as unique identifiers.

- "Any and all documents referencing or referring to RaylaMoon"
- "Any and all documents and photographs relating to the Minor Children of Parnika"
- "All communications wherein the Minor Children are named or discussed"
- "All communications referring to or referencing the state of Parnika's/RaylaMoon's marriage and/or plans for divorce"
- "All communications in Godwin's possession or control . . . in which the [sic]Parnika/RaylaMoon discusses, depicts, or shares her communications with any third parties, including communications that involve photographs, material, or images of the Minor Children."

*Id.* at 4–5. The proposed subpoena includes no dates, timeframes, or unique identifiers that could enable Discord to locate responsive data. It commands the production of materials in Houston, Texas—hundreds of miles from Discord's San Francisco headquarters—and on its face would require searching across countless accounts, servers, and messages, many belonging to uninvolved users, in an effort to identify responsive messages. Further, by requiring Discord to produce the content of electronic communications, the subpoena would require Discord to violate the federal Stored Communications Act, 18 U.S.C. § 2701 *et seq*.

The Court should decline to authorize such an overbroad and intrusive demand.

## II. Legal Standard

Evaluating an application Section 1782 involves a two-step inquiry: (1) whether the statutory requirements are met, and (2) whether the Court, in its discretion, should authorize discovery considering the *Intel* factors. *In re Path Network, Inc.*, 703 F. Supp. 3d 1046, 1059 (N.D. Cal. 2023) (citing *Intel*, 542 U.S. at 264–65). In exercising this discretion, courts consider whether the request is "unduly intrusive or burdensome." *Intel*, 542 U.S. at 265. Discovery requests are unduly burdensome when they are not narrowly tailored or when compliance would impose unreasonable costs or risks, including risks to privacy and statutory compliance. *Path Network*, 703 F. Supp. 3d at 1064 (citing *In re Qualcomm Inc.*, 162 F. Supp. 3d 1029, 1043 (N.D.

Cal. 2016)). Under § 1782(a), discovery must also conform to the Federal Rules of Civil Procedure, including Rule 45's geographic limits and protections against undue burden.

**III. The Proposed Subpoena Should Be Denied as Unduly Burdensome and Intrusive**

The proposed subpoena is defective in several independent respects. It fails to comply with Rule 45's geographic limits; it lacks the information necessary to identify any particular Discord account, server, channel, or message that is responsive to the request; and even if it did identify an account or server, compliance would require Discord to violate federal law.

**a. The proposed subpoena violates Rule 45(c)'s 100-mile limitation.**

Under Fed. R. Civ. P. 45(c)(2)(A), a subpoena may only compel production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Discord is headquartered in San Francisco, California. Dkt. 1 at 2. The proposed subpoena improperly seeks production of documents in Houston, Texas, well outside Rule 45's 100-mile restriction. As this Court has held, such a defect renders a proposed subpoena improper under *Intel*. *See Path Network*, 703 F. Supp. 3d at 1065 (rejecting § 1782 subpoena that required Discord, headquartered in San Francisco, to produce documents in Los Angeles, California production in Los Angeles, more than 100 miles from San Francisco). The same result is warranted here.

**b. The proposed subpoena fails to identify any unique account, server, channel, or message.**

Discord cannot comply with the proposed subpoena because it does not contain sufficient information to locate responsive materials. Some of the identifiers within the subpoena are legal names—such as Jeffrey (or Jeffery) Godwin, a.k.a. Jeff or Jeffrey Gorden, or Parnika Aditya Berlia. But Discord does not request users' legal names at account creation and does not use legal names to identify accounts. In other cases, the identifiers appear to be Discord display names (RayaMoon), and generic server or channel names ("what lovers do," "passion-with-pics," "toys-to-try," and "naughty needs")—none of which are unique identifiers on the Discord platform. Multiple users may share the same or similar display names or participate in servers or channels with the same or similar titles. And while the subpoena seeks communications based on their

subject matter (e.g., those referencing "RayaMoon" or those where the "Minor Children are named or discussed"), Discord is unable to search the universe of communications on its platforms by reference to keywords or topics.

In contrast to user IDs or email addresses, which are unique and searchable, these generic descriptors provide no reliable way for Discord to identify an account or message responsive to the subpoena. Attempting to do so would require broad searches across massive volumes of data, raising substantial privacy and misidentification risks for uninvolved users.

This is precisely the concern the Court recognized in *Path Network*, where it found a proposed subpoena to Discord unduly burdensome and intrusive because it lacked unique identifiers, "risk[ing] . . . the disclosure of personal messages" and data belonging to "innocent third parties." 703 F. Supp. 3d at 1066. The same privacy and overbreadth concerns are present here.[2]

### c. Compliance with the proposed subpoena would violate the Stored Communications Act.

Even if the subpoena were narrowed to identify specific accounts, servers, channels, or messages, the Court "may not grant the application if granting the application would cause a violation of the Stored Communications Act." *Path Network*, 703 F. Supp. 3d at 1067; *see also Xie v. Lai*, 2019 WL 7020340, at *5 (N.D. Cal. Dec. 20, 2019) ("It is well-established that civil subpoenas, including those issued pursuant to [Section] 1782, are subject to the prohibitions of the Stored Communications Act."). The SCA expressly prohibits an electronic communications service provider like Discord from "knowingly divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1); *see also Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004). "Contents" include "any

[2] In *Path Network*, the Court allowed the Applicant the opportunity to submit a revised, narrowly tailored subpoena. Should this Court consider the same, Discord advises that its users are assigned a unique 17- or 18-digit user identification number (UID). UIDs are unique to each user and cannot be changed. Individual Discord messages and servers are similarly assigned multi-digit unique identification numbers. Instructions for locating these identifiers are available on Discord's support page: https://support.discord.com/hc/en-us/articles/206346498-Where-can-I-find-my-User-Server-Message-ID#h_01HRSTXPS5H5D7JBY2QKKPVKNA.

information concerning the substance, purport, or meaning of [a] communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1105–06 (9th Cir. 2014). As noted, the proposed subpoena is overbroad, seeking virtually all forms of content—communications, documents, photographs, videos, and even the contents of entire servers. Dkt. 1 Ex. 1 at 4–5. As courts throughout this Circuit have repeatedly held, service providers like Discord cannot be compelled by subpoena—whether civil, criminal, or under § 1782—to produce the contents of user communications. *See, e.g.*, *Path Network*, 703 F. Supp. 3d at 1067; *United States v. Alvarez*, 2016 WL 3163005, at *8 (N.D. Cal. June 3, 2016); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 992–93 (C.D. Cal. 2012).

In short, because the proposed subpoena would compel the production of material protected by the SCA, Discord would be legally prohibited from complying. The Court should therefore deny the application.

**IV. Conclusion**

For the foregoing reasons, the Application should be denied. The proposed subpoena is procedurally improper, unduly burdensome, overbroad, and would compel Discord to violate the Stored Communications Act. Discord respectfully requests that the Court decline to issue the subpoena.

Dated: November 26, 2025

Respectfully submitted,
**ZWILLGEN LAW LLP**

By: */s/ Oliver Kiefer*
Oliver Kiefer (SBN 332830)

*Attorney for Respondent*
*Discord Inc.*