Oliver M. Kiefer (SBN 332830)
ZWILLGEN LAW LLP
369 Pine Street, Suite 506
San Francisco, CA 94101
Telephone: (415) 590-2335
Facsimile: (202) 706-5298
Oliver.Kiefer@zwillgen.com

*Attorney for Respondent*
*Discord Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADITYA BERLIA, <br><br> *Applicant*, <br><br> v. <br> DISCORD INC., <br><br> *Respondent*. | Case No. 3:25-MC-80306-LJC <br><br> Assigned to: Hon. Lisa J. Cisneros <br><br> **JOINT STIPULATION RESOLVING DISPUTE AND ORDER** |

STIPULATION RESOLVING DISPUTE AND  ORDER CASE NO.
MC 25-80306 LJC

## JOINT STIPULATION RESOLVING DISPUTE

Petitioner Aditya Berlia and Respondent Discord Inc. (collectively, the "Parties"), by and through their respective undersigned counsel, submit this Stipulation pursuant to the Court's January 20, 2026 Order (Dkt. 18).  The parties hereby stipulate and agree as follows:

**WHEREAS**, on October 6, 2025, Petitioner submitted an *ex parte* application pursuant to 28 U.S.C. § 1782 seeking discovery from Respondent in aid of a foreign proceeding;

**WHEREAS**, on November 26, 2025, Respondent opposed the application on grounds that the proposed subpoena was facially overbroad, unduly burdensome, and sought information that Respondent is legally prohibited from disclosing under the Stored Communications Act ("SCA"), 18 U.S.C. §§ 2701–12;

**WHEREAS**, on December 16, 2025, Petitioner replied to Respondent's opposition, raising subscriber consent and other possible avenues for resolution;

**WHEREAS**, on December 22, 2025, the Court ordered the parties to meet and confer regarding the possibility of resolving the dispute;

**WHEREAS**, the parties have met and conferred, and now agree as follows:

1. That Respondent will not object, on the grounds of overbreadth or undue burden, to the Court's issuance of a subpoena that seeks only specific categories or items of non-content information and identifies the target account(s) by a valid Discord username or user identification number;

2. That Respondent expressly reserves all other objections available under applicable law;

3. That Discord subscribers have access to the contents of communications associated with their accounts through methods including the Discord user interface and Discord's "Request Your Data," tool, such that Respondent's involvement in a consent-based search is not necessary;

1

STIPULATION RESOLVING DISPUTE AND  ORDER CASE NO.
MC 25-80306 LJC

4. That Applicant will instruct any consenting subscriber to obtain and provide the sought communications associated with the subscriber's account directly;

5. That, under 18 U.S.C. § 2702(b)(3), a provider may, but is not required by law to, divulge the contents of a subscriber's communications if the subscriber has lawfully consented to the disclosure;

6. That, for purposes of these proceedings and although it is not legally required to do so, Respondent will produce responsive records, if any, based on a subscriber's consent only under the following circumstances:

    a. Applicant articulates to the Court the reason(s) that the consenting subscriber is unable to obtain and provide the sought records directly;

    b. The Court issues a subpoena that describes the communications to be produced by reference to non-content-based criteria, such as communication type or date range, pursuant to the subscriber's lawful consent;

    c. The subscriber submits to Respondent, via the email address associated with the subscriber's account, a duly notarized authorization and consent to release records, completed by the consenting party:

        i. Attestation that the subscriber account, identified by Discord username or user identification number, belongs to the affiant;

        ii. The subscriber's consent to Respondent's disclosure of content coextensive with that described in the subpoena;

STIPULATION RESOLVING DISPUTE AND ORDER CASE NO.
MC 25-80306 LJC

d. Respondent will not accept consent that purports to require Respondent to review, analyze, or filter communications based on subject matter, keywords, or other content-based criteria;

e. Respondent will not accept consent that purports to authorize production of communications to which the subscriber is not a party;

f. Respondent will produce responsive records, if any, to the consenting subscriber and/or the consenting subscriber's authorized representative.

**NOW, THEREFORE, THE PARTIES STIPULATE AND REQUEST**, through their respective counsel, and subject to the Court's approval, an order reflecting the above-described agreements of the parties.

**IT IS SO STIPULATED**

Dated: January 23, 2026

Respectfully submitted,
**CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP**

By: */s/ Eric J. Cassidy*
Eric J. Cassidy
Fed. Bar No. 30001
Tex. Bar No. 24031807
Two Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
Tel. (713) 331-2456
Fax: (713) 759-0712
ecassidy@curtis.com

*Attorneys for Applicant
Aditya Berlia*

3

STIPULATION RESOLVING DISPUTE AND  ORDER CASE NO.
MC 25-80306 LJC

Dated: January 23, 2026                    **ZWILLGEN LAW LLP**


By: _/s/ Oliver M. Kiefer_
Oliver M. Kiefer (SBN 332830)
369 Pine Street, Suite 506
San Francisco, CA 94101
Telephone: (415) 590-2335
Facsimile: (202) 706-5298

*Attorney for Respondent*
*Discord Inc.*

4

## SIGNATURE ATTESTATION

I, Oliver M. Kiefer, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all counsel have concurred in this filing.

Dated: January 23, 2026

 /s/ Oliver M. Kiefer
Oliver M. Kiefer (SBN 332830)
Oliver.Kiefer@zwillgen.com

*Attorney for Respondent*
*Discord Inc.*

5

STIPULATION RESOLVING DISPUTE AND ORDER CASE NO.
MC 25-80306 LJC

**ORDER**

**PURSUANT TO THE PARTIES' STIPULATION, IT IS HEREBY ORDERED THAT:**

1. Applicant shall submit to the Court any proposed subpoena(s), which may seek only specific categories or items of non-content information and must identify any target account(s) by a valid Discord username or user identification number;

2. Respondent shall not object, on grounds of overbreadth or undue burden, to the Court's issuance of subpoena(s) that meet the parameters described above;

3. Respondent expressly reserves all other objections available under applicable law;

4. With respect to consenting subscribers, Applicant shall instruct any consenting subscriber to obtain and provide the sought communications associated with the subscriber's account directly;

5. For purposes of these proceedings, and although it is not legally required to do so, Respondent may produce responsive records, if any, to a subscriber based on the subscriber's voluntary and lawful consent, as permitted under 18 U.S.C. § 2702(b)(3), provided that the following conditions are met:

    a. Applicant articulates to the Court the reason(s) that the consenting subscriber is unable to obtain and provide the sought records directly;

    b. The Court issues a subpoena that describes the communications to be produced by reference to non-content-based criteria, such as communication type or date range, pursuant to the subscriber's lawful consent;

    c. The consenting subscriber submits to Respondent, via the email address associated with the subscriber's account, a duly notarized authorization and consent to release records, completed by the consenting party, containing:

6

STIPULATION RESOLVING DISPUTE AND ORDER CASE NO.
MC 25-80306 LJC

      i.   Attestation that the subscriber account, identified by Discord username or user identification number, belongs to the affiant;

     ii.   The subscriber's consent to Respondent's disclosure of content coextensive with that described in the subpoena;

d.  Respondent will not accept consent that purports to require Respondent to review, analyze, or filter communications based on subject matter, keywords, or other content-based criteria;

e.  Respondent will not accept consent that purports to authorize production of communications to which the subscriber is not a party;

f.  Respondent will produce responsive records, if any, to the consenting subscriber and/or the consenting subscriber's authorized representative.

**IT IS SO ORDERED.**

Dated: January 29, 2026

_____

Honorable Lisa J. Cisneros
United States Magistrate Judge

7

STIPULATION RESOLVING DISPUTE AND ORDER CASE NO.
MC 25-80306 LJC