Oliver M. Kiefer (SBN 332830)
ZwillGen Law LLP
369 Pine Street, Suite 506
San Francisco, CA 94101
Telephone: (415) 590-2335
Facsimile: (202) 706-5298
Oliver.Kiefer@zwillgen.com

*Attorney for Respondent*
*Discord Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aditya Berlia, *Applicant*,<br><br>v.<br>Discord Inc., *Respondent*. | Case No. 3:25-MC-80306-LJC<br><br>**JOINT STATUS REPORT** |

## STATUS REPORT

Petitioner Aditya Berlia and Respondent Discord Inc. respectfully file this Status Report as ordered by the Court during the April 9, 2026, status hearing in this matter. Doc. 24. Respondent originally proposed a joint status report stating "The Parties have reached agreement on the scope of Petitioner's proposed subpoena. Petitioner will submit the proposed subpoena to the Court as set forth in the Parties' Stipulation. Doc. 20." The Parties were unable to reach agreement on that statement, and instead respectfully submit the statements below individually.

**A. Respondent Discord Inc.'s Statement**[1]

Since the Court's December 22, 2025 Order directing the parties to meet and confer, Discord has engaged promptly and in good faith to facilitate a subpoena consistent with the Court's January 29, 2026 Order adopting the parties' stipulation (Doc. 20) (the "Stipulated Order"). In particular, Discord has reviewed Petitioner's proposed subpoena attachment on an expedited basis, proposed revisions to bring it into compliance with the Stipulated Order, and remained available to meet and confer as needed. Discord has provided Petitioner with instructions for proper service of the proposed subpoena, including identifying its registered agent, and has advised that it maintains established processes to ensure timely responses to valid legal process.

At multiple points during these discussions, Petitioner indicated that the matter was time-sensitive, and Discord treated it accordingly by prioritizing its review and turning around revisions on an expedited basis. Notwithstanding those representations, Petitioner did not provide revised proposals for extended periods, and materials Petitioner described as forthcoming were not produced for weeks.

As of April 16, 2026, the parties aligned on the form of a subpoena attachment that complies with the Stipulated Order. The Stipulated Order requires that Petitioner submit any proposed subpeona to the Court. Doc. 20 ("Applicant shall submit to the Court any proposed

[1] The Parties exchanged correspondence regarding this status report but were unable to connect by phone during business hours. Petitioner left a voicemail after the close of business, but the Parties were not able to connect prior to filing and therefore could not meet and confer regarding their respective statements.

subpoena(s)"). As this matter arises under 28 U.S.C. § 1782, any subpoena must be issued by the Court to be valid and enforceable. To date, to Discord's knowledge, no such subpoena has been submitted to, or issued by, the Court.

On April 20, 2026, Discord received a blank subpoena that appears to have been served by Petitioner, attached here as Exhibit A. The attached subpoena is facially invalid. Discord remains prepared to respond to any subpoena consistent with the Stipulated Order, issued by the Court, and served in accordance with the applicable rules.

**A. Applicant Aditya Berlia's Statement**

The Parties have not reached an agreement on a subpoena, production, or the process. Based on Discord Inc.'s communications and actions, it is Applicant's position that Discord Inc. is acting in bad faith.

Discord Inc. instructed Applicant to serve a negotiated and purportedly agreed to subpoena with an agreed upon scope to Discord Inc.'s agent for service of process. Applicant did so. Discord Inc. now contends that Applicant has acted outside of its 28 U.S.C. § 1782 filing ("What's the legal authority for a foreign party to directly subpoena Discord?"). This statement and Discord Inc.'s response appears to contest the fact that Applicant filed an §1782 application and is plainly acting within that legal framework and the Parties' negotiations. Discord Inc. has declined to confer on the issue but instead has agreed to file a separate statement within the Parties' joint statement.

After making this election, Discord Inc. contacted Applicant and indicated that it would be available by phone to confer, but when contacted within the indicated time period, Applicant's message went to voicemail Discord Inc. Respondent did not respond to Applicant's subsequent message prior to Applicant sending this statement to Discord Inc. for filing.

This is a child welfare matter. Applicant is withdrawing the subpoena that it served to Discord Inc.'s registered agent out of an abundance of caution. Applicant reserves its right to enforce that subpoena or subsequent revised subpoenas. Based on Discord Inc.'s actions, and the fact that this is a child welfare case, Applicant will file a motion to withdraw the Parties' Stipulation

[Doc. 20], to compel Discord's production of documents to a revised subpoena  consistent with the Parties' negotiations, and for sanctions against Discord Inc.[2]

Applicant will file its motion by or before April 30, 2026.

Respectfully submitted,

Dated: April 23, 2026

**ZWILLGEN LAW LLP**

By: *[/s/ Oliver M. Kiefer]*
Oliver M. Kiefer (SBN 332830)
ZwillGen Law LLP
369 Pine Street, Suite 506
San Francisco, CA 94101
Telephone: (415) 590-2335
Facsimile: (202) 706-5298

*Attorney for Respondent*
*Discord Inc.*

Dated: April 23, 2026

**CURTIS, MALLET-PREVOST,**
**COLT & MOSLE LLP**

By: */s/ Eric J. Cassidy*
Eric J. Cassidy
Fed. Bar No. 30001
Tex. Bar No. 24031807
Two Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
Tel. (713) 331-2456
Fax: (713) 759-0712
ecassidy@curtis.com

*Attorneys for Applicant*

---

[2] As Applicant indicated, he sent what is this second draft statement to Discord Inc. for filing as part of the parties Joint filing.  Discord's only statement for the joint filing at this time is: "The Parties have reached an initial agreement on the scope of Petitioner's proposed subpoena.  The Parties have filed the initial proposed subpoena with the Court as Exhibit A and as set forth in the Parties' Stipulation. Doc. 20."

## SIGNATURE ATTESTATION

I, Oliver M. Kiefer, am the ECF User whose ID and password are being used to file this documents. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that opposing counsel concurred as stated below:

> Please file the attached statement in the Joint Filing today. You can sign my name by agreement, with the understanding that I have not read any further or subsequent statements by Discord Inc. that are ultimately made in the filing today.

/s/ Oliver M. Kiefer
Oliver M. Kiefer