UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADITYA BERLIA,

          Applicant,

    v.

DISCORD INC.,

          Respondent.

Case No.  25-mc-80306-LJC

**ORDER REGARDING STATUS REPORT AND SETTING IN-PERSON CONFERENCE**

Re: Dkt. No. 25

This action arises from Applicant Aditya Berlia's application to serve a subpoena on Respondent Discord, Inc. in connection with a foreign proceeding pursuant to 28 U.S.C. § 1782. The Court previously ordered the parties to meet and confer in an attempt to reach an agreement as to an appropriate subpoena, and the parties have done so for several months.  On January 29, 2026, the Court adopted a stipulation of the parties that provided in part "[t]hat Respondent will not object, on the grounds of overbreadth or undue burden, to the Court's issuance of a subpoena that seeks only specific categories or items of non-content information and identifies the target account(s) by a valid Discord username or user identification number."  ECF No. 20 at 2, ¶ 1.  The parties' proposed order, adopted by the Court, provided that "Applicant shall submit to the Court any proposed subpoena(s)."  *Id.* at 7, ¶ 1.

The parties have now filed a status report indicating that Respondent Discord Inc. believed the parties had reached an agreement to submit a stipulated subpoena for the Court's approval, while Berlia believed the parties had reached an agreement that Berlia would serve a subpoena on Discord without requiring the Court's approval, which Berlia has done.  ECF No. 25.  Berlia now intends to "file a motion to withdraw the Parties' Stipulation [Doc. 20], to compel Discord's production of documents to a revised subpoena consistent with the Parties' negotiations, and for

sanctions against Discord Inc." *Id.* at 3–4.

The Court has no insight into which party's position better reflects their recent discussions and purported agreement, but Discord's position is more consistent with the requirements of § 1782 and the Court's previous Order adopting the parties' stipulation. Section 1782 provides that a "district court . . . may *order* [a person] to give his testimony or statement or to produce a document or thing for use in a [foreign] proceeding." 28 U.S.C. § 1782(a) (emphasis added). The Court's previous Order called for Berlia to "*submit to the Court* any proposed subpoena(s)." ECF No. 20 at 7, ¶ 1 (emphasis added). Berlia has not yet done so.

If the parties have reached an agreement as to a subpoena that complies with the previous stipulation, they should submit it promptly with a further stipulation, and the Court will approve it. If they dispute whether the subpoena that Berlia intends to serve complies with the previous stipulation, then Berlia may file a motion and Discord may oppose it.

From the current record, however, it appears that the primary point of contention is procedural, and that Discord has the better argument with respect to the procedure to be followed. If there is no dispute as to the nature of the subpoena to be served, but instead only as to whether that subpoena must be submitted to the Court first, then motion practice is likely to be a waste of the parties' and the Court's time and resources. Counsel for both parties are therefore ORDERED to appear in person in Courtroom G at 9:00 AM on April 30, 2026 to meet and confer in an attempt to resolve their procedural disputes, unless they file a stipulation to approve a subpoena before that date. The Court may be available intermittently that day to aid in the parties' discussions or resolve discrete and intractable points of contention. The parties shall file a further status report no later than noon on April 29, 2026.

**IT IS SO ORDERED.**

Dated: April 24, 2026

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

2