United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADITYA BERLIA,

Plaintiff,

v.

DISCORD INC.,

Defendant.

Case No. 25-mc-80306-LJC

**ORDER GRANTING STIPULATION AND AUTHORIZING SERVICE OF SUBPOENA VIA ECF**

Re: Dkt. No. 29

Following negotiations over the scope of a subpoena for use in a foreign proceeding under 28 U.S.C. § 1782, the parties have now stipulated "that the Court issue [their] proposed subpoena." ECF No. 29 at 3. The parties' proposed order provides that the "proposed subpoena submitted as Exhibit A is consistent with the Court's January 29, 2026 Order (Dkt. 20)" and the "Clerk of Court is authorized to issue the proposed subpoena." *Id.* at 5. That stipulation is GRANTED, and the Clerk is instructed to endorse and file the subpoena attached thereto as Exhibit A.

The parties dispute whether Applicant Aditya Berlia should be required to serve the subpoena on Respondent Discord's registered agent, or if the Court's authorization of the subpoena is sufficient to deem it served. ECF No. 29 at 3. "Serving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1).[1] "The authority on whether 'delivering a copy to the named person' permits service by mail is mixed." *Peters v. Cox*, No. 3:15-cv-00472-RCJ-VPC, 2018 WL 2323523, at *2 (D. Nev. May 22, 2018).

This Court finds persuasive the decisions that have adopted a more flexible approach. For

[1] 28 U.S.C. § 1782 does not specifically address methods of service of subpoenas for use in foreign proceedings.

example, *Wells Fargo Bank NA v. Wyo Tech Inv. Grp. LLC*, No. CV-17-04140-PHX-DWL, 2019 WL 3208114, at *2–3 (D. Ariz. July 16, 2019, discusses the following four reasons why the Rule does not require personal service. The text of Rule 45 does not specifically address methods of service. *Id*. Other rules that require personal service—like Rule 4(e)(2)(A)—say so explicitly. *Id.* Rule 45(b)(4)'s requirement for proof of the "manner of service" would seem unnecessary if there is only one permissible "manner." *Id.* Rule 1's requirement "that the Federal Rules of Civil Procedure 'be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding'" counsels against requiring personal service, at least where it is not necessary to assure actual receipt of the subpoena. *Id.* Furthermore, Rule 45(b)(1) requires only "delivery" of the subpoena; the most important consideration is whether "the court can[] be assured that delivery has occurred." *See Firefighter's Inst. for Racial Equal. ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 903 (8th Cir. 2000) (declining to authorize service by facsimile and regular mail for lack of such assurance).

There is no reasonable basis to question such delivery under the circumstances of this case, where Discord has retained counsel specifically for the purpose of addressing this proposed subpoena, Discord's counsel agreed to issuance of this subpoena and largely[2] approved its form, and Discord's counsel is registered with the Court's ECF filing system, which is sufficient for service of most court documents, *see* Fed. R. Civ. P. 5(b)(2)(E). Requiring separate service on Discord's registered agent would inflate the costs of litigation for no practical purpose, contrary to the mandate of Rule 1. Accordingly, the subpoena will be deemed served on Discord upon the Clerk's filing of it in the docket of this case.

**IT IS SO ORDERED.**

Dated: April 30, 2026

LISA J. CISNEROS
United States Magistrate Judge

[2] The parties' stipulation notes that "Discord has advised Applicant that the server name 'What lovers do' is not a unique identifier and Discord will be unable to produce records based on that identifier." ECF No. 29 at 2–3.