AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California

ADITYA BERLIA
*Plaintiff*
v.
Discord Inc.
*Defendant*

Civil Action No. Case No. 3:25-MC-80306-LJ

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Discord Inc. c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A

| Place: Curtis Mallet-Prevost Colt & Mosle LLP<br>Eric J. Cassidy<br>909 Fannin Street, Ste. 3800<br>Houston, TX 77010 | Date and Time:<br>May 8, 2026 at 5 p.m. EST |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/06/2026

CLERK OF COURT
Mark B. Busby

*Signature of Clerk or Deputy Clerk*

OR

Eric J. Cassidy
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Adiyta Berlin , who issues or requests this subpoena, are:

Eric J. Cassidy, ecassidy@curtis.com, 832-331-6778, Curtis Mallet-Prevost Colt & Mosle, LLP, 909 Fannin Street, Ste. 3800, Houston, TX 77010

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. Case No. 3:25-MC-80306-L

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ____________________
on *(date)* __________ .

❒ I served the subpoena by delivering a copy to the named person as follows: ____________________
____________________________________________
____________________________________ on *(date)* __________ ; or

❒ I returned the subpoena unexecuted because: ____________________
____________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$ __________ .

My fees are $ __________ for travel and $ __________ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: __________

____________________
*Server's signature*

____________________
*Printed name and title*

____________________
*Server's address*

Additional information regarding attempted service, etc.:

Print Save As... Add Attachment Reset

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# EXHIBIT A

## INSTRUCTIONS

1. Each requested production shall be produced in its entirety, without abbreviation or redaction, and shall include all attachments, appendices, exhibits, lists, schedules, or other documents at any time affixed thereto. If any of the requested documents cannot be produced in full, produce them to the extent possible, and specify the reason for your inability to produce the remainder, stating whatever information, knowledge or belief you have concerning the unproduced portions.

2. If any document is withheld on the basis of any claim of privilege or work product, set forth the following information: (1) authors, (2) recipients, (3) date of the document or the date upon which the document was produced, (4) description of the subject matter of the document, and (5) the grounds for asserting the claim of privilege or work product.

3. These requests are continuing in nature. If you, subsequent to your initial response to this set of requests, discover or locate any additional documents not previously produced but which properly would have been produced if the documents had been known or available to you at the time of your initial response, such additional information shall be supplied by supplemental response.

4. Unless otherwise indicated in a particular request, the time period covered by these requests is January 1, 2023 through the present.

5. Without waiving Applicant's objection to Discord Inc.'s attorneys refusing to accept service of the subpoena, Discord Inc. shall produce documents and materials responsive to the subpoena within ten (10) days service to Discord Inc.'s registered agent.

6. All documents, electronically stored information and tangible things ("ESI") should be produced in native cloud file format, a PDF, or a TIFF image.

## DEFINITIONS

1. "And" and "or" are to be construed both conjunctively and disjunctively as necessary to make these requests inclusive rather than exclusive.

2. "Any" and "all" shall each mean "any and all."

3. "Including" and "include" shall mean "including but not limited to."

4. "Document" is used in its broadest sense and shall mean, without limitation, any written, typed, graphic, or printed matter, in its entirety, including any addenda, supplements, amendments, revisions, exhibits, and appendices thereto, and in its original form (or copies thereof where originals are unavailable), together with any copies thereof bearing notations, memoranda, or other written information not on the original, including, but not limited to, correspondence, memoranda, notes, drafts, records, letters, WhatsApp messages, i-messages, texts, text messages, envelopes, telegrams, teletypes or telecopy messages, facsimile messages, contracts, agreements, statistical statements and records, financial statements, trade letters, press releases, plans, schedules, comparisons, telephone logs and messages, articles, magazines, newspapers, resolutions, minutes or transcripts of meetings, inter-office and intra-office communications, electronic mail/message, charts, graphs, photographs, audio recording, films, tapes, discs and diskettes, data cells, print-outs, computer input data, computer output data, computer runs, including without limitation, electronically sensitive storage media such as microfiche, microfilm, computer disk, magnetic tapes, including any deleted files and any archived files, and any preliminary data or revisions of the foregoing, or other tangible things which constitute or contain matters within the scope of the Federal Rules of Civil Procedure, and which are within the possession, custody, or control of you or any past or present agent, employee, consultant, attorney, or any other person acting on your behalf.

5. "Application" refers to the Aditya Berlia's *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to obtain discovery in aid of foreign proceedings.

6. "Applicant" is Aditya Berlia.

7. Godwin refers to Jeff or Jeffrey Godwin, a.k.a. Jeff or Jeffrey Gorden.

8. The "Godwin Identifiers" are the server "What lovers do"; email address <jlostfaith@yahoo.com>; and phone number (903) 774-5686.

9. "Ortega" refers to Estefania Ortega.

10. The "Ortega" Identifiers" are <dulze650@gmail.com; telephone number +1 (650) 924-7802;

**DOCUMENTS REQUESTED**

1. Subscriber records related to the Godwin and Ortega Identifiers including name, username (current and historical), display name(s), user identification number, email address(es,) phone number(s) (current and historical), service start/end date, and means and sources of payment for services.

2. Logs showing IP addresses used and timestamps for users associated with the Godwin and Ortega Identifiers.

3. Message transaction logs for all messages sent by user(s) associated with the Godwin and Ortega Identifiers sufficient to show sender, recipient, and timestamp of the messages.

4. Records of messages deleted by user(s) associated with the Godwin and Ortega Identifiers including but not limited to deletion logs.

5. A list of server ID for servers on which the user(s) associated with the Godwin and Ortega Identifiers are a member.