CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Jerrold L. Bregman
C.A. Bar No. 149896
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Email: jerry.bregman@curtis.com

Eric J. Cassidy (*pro hace vice* granted)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Two Houston Center
909 Fannin Street, Ste. 3800
Houston, Texas 77010
Tel.: 759-9555
Fax: (713) 759-0712
Email: ecassidy@curtis.com

*Attorney for Applicant Aditya Berlia*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aditya Berlia, *Applicant*,<br><br>v.<br><br>Discord Inc., *Respondent*. | Case No. 3:25-MC-80306-LJC<br><br>**APPLICANT'S MOTION TO COMPEL, FOR COSTS, AND FOR EXPEDITED SCHEDULE** |

Applicant Aditya Berlia moves to compel Discord Inc. ("Discord") to produce documents in response to the subpoena issued by the Court on May 6, 2026. Berlia further moves for a custodian of records deposition and for an expedited briefing and production schedule.

**SUMMARY OF THE MOTION**

Applicant Berlia filed his 28 U.S.C. § 1782 Application seeking discovery from Respondent Discord for use in foreign civil custody proceedings involving the welfare of his children. Berlia is seeking data and documents from Discord relating to the activities of two of its subscribers on a polygamous website hosted by a Discord server, in which pictures of the children were posted without Mr. Berlia's consent. The two subscribers in question agreed to the production of the information and data at issue. Discord, in turn, agreed to produce all noncontent data to Berlia in response to the subpoena negotiated between the parties. The proceedings in Dubai have been elevated to a criminal investigation and orders and warrants have been issued by the Dubai court.[1]

Discord's production, however, was only 5 pages and did not include certain noncontent data and information that was agreed upon. Moreover, the information contained in the 5 pages produced by Discord is opaque and unintelligible. Berlia requested information and a short custodian of records deposition to explain the production and to determine whether Discord produced all responsive noncontent documents. Discord replied by stating it would not respond to "informal" requests from Berlia to confer about the production and refused his request for a deposition.

Because Discord did not confer in good faith, Berlia moves to compel and requests an award of his costs and expenses.

---

[1] *See* Exhs. 12 and 13.

## PROCEDURAL POSTURE

### A. The § 1782 Application and Subpoena

On October 6, 2025, Applicant Berlia filed his 28 U.S.C. § 1782 application. Doc. 1. Berlia requested an order granting him authority to serve a subpoena to Discord.

On November 26, 2025 Respondent Discord filed its response and objections to the subpoena.

On December 16, 2025, Applicant filed his reply. Doc. 13.

In negotiating a resolution to the dispute after the briefing, Discord agreed that it "can produce the data requested in the consent affidavit …" in response to a "subpoena for the non-content data you want." *See* Exh. 1 (email chain from L-K Bernstein (Jan. 16, 2026)). Discord defined "noncontent" data in part as:

> Non-content would include basic subscriber records (name, username, email address, phone number, service start/end date), [*sic*] customer support records, and transactional records (session start times, IP addresses, etc.).

*Id.*

The noncontent information thus would, by definition, include metadata related to images (but not the images themselves) indicating that they were sent between different subscribers based on the name, username, email, and phone numbers of the subscribers. Noncontent data would include time stamps for messages from and between subscribers related to groups, servers, and channels. The noncontent data would indicate which subscribers were the founders or administrators of these groups, servers, and channels.

Berlia forwarded a draft stipulation, subpoena, and document requests to Discord, based on Discord's representations that modified requests would produce noncontent documents without infringing on content. *See* Exh. 2 (email from L-K Bernstein dated Feb. 6, 2016). Discord instructed Berlia to list email/phone numbers as identifiers for the account, and indicated

that "the list of documents you requested covers any records about servers associated with [the] account." *Id.* With a minor modification, Discord said the subpoena for noncontent information "looks good." *Id.*

During the negotiations, Berlia provided to Discord sworn affidavits from the two users who formed the basis of the requested information in the subpoenas. Both individuals agreed to Berlia's request to have documents from their Discord accounts produced to Berlia. *See* Exhs. 3 and 4.

The parties made changes to the wording of the subpoena to ensure that content data was not within the scope of production and that all noncontent data would be produced by Discord.[2]

On April 29, 2026, the Parties filed a stipulation for a proposed subpoena, Doc. 29, which the Court granted on April 30, 2026. Doc. 30.

On May 6, 2026, the court clerk issued the subpoena to Discord, Inc. Doc. 31.

**B. Discord's Document Production**

Discord produced documents on May 11, 2026. The production consisted of five (5) pages and a signed Certificate of Authenticity:

- Two pages provide account information and state that "no session information [was] found."
- Three pages are a "guild history" that provide no context or information to explain or interpret the data. *See* Exh. 5 (Discord document production).

Discord produced no other documents.

Notably absent from Discord's production were customer support records and transactional records, including session start times, IP addresses, and metadata. *See* Exh. 2 (Discord's representation regarding types of noncontent documents). Discord provided no

[2] Berlia has reserved the right to seek "content" related documents, but agreed to review what, if any, "noncontent" documents that Discord agreed to produce to determine if additional information was needed. *See* Exh. 11.

context for the “guild history,” which consists of two columns of information. The column on the right is titled “deleted_guild.” The term “guild” is not defined and there is no text indicating the definition, type, or scope related to the term “guild.” For each row in the “guild history,” the “deleted_guild” column states either “FALSE” or “TRUE.” There is no context or information to explain what these notations means. Nor is it possible to determine whether “TRUE” or “FALSE” mean a certain “guild” was deleted or not deleted by the user or Discord.

The second column on the left is titled “guild_id.” Under the title is a series of rows with corresponding numbers. There is no context or information to explain what these numbers stand for. To the extent the numbers identify a type of noncontent information, there is no means to determine what type of information is represented by the numbers. Furthermore, to the extent that the column titled “deleted_guild” indicates the information reference by each row was not deleted, there is no indication of what information remains and why it wasn’t produced by Discord.

Discord did not produce metadata related to images or noncontent related to messages by and between subscribers or the names, usernames, emails, and phone numbers of who received this information. Discord did not produce time stamps for messages from and between subscribers related to groups, servers, and channels. Discord did not produce metadata or data indicating which subscribers were the founders or administrators of these groups, servers, and channels.

Berlia provided information to Discord related to two subscribers: Godwin and Ortega. *See, e.g.*, Exhs. 3 and 4. No documents, information, data, or metadata was produced related to these subscribers despite the fact, that on information and belief, they remain active users of the Discord servers. Discord did not produce documents related to Godwin’s or Ortega’s recent noncontent activities or historical logs. Discord produced no information regarding the guild

history related to which groups Godwin or Ortega have joined, or which channels and servers they have in common.

**C. Berlia's Attempt to Confer with Discord**

Berlia conferred with Discord throughout May and again in July. Berlia asked for information or documents that would explain the 5-page production and for "a short" deposition of a document custodian to answer the questions raised in this motion. *See* Exh. 6.

Berlia also asked Discord to confirm that it had produced all non-content documents. Discord refused, stating that it "does not, in response to informal requests, confirm the existence of user data …." Discord also refused Berlia's request for a document custodian deposition. *See* Exh. 7.

Berlia replied by asking to work toward a resolution. Berlia's concern is the welfare of his children and the possible harm they may have suffered by having their images placed on a polygamous website with explicit images and discussion of sex acts. *See* Exh. 8. Berlia further notified Discord that a criminal investigation had been opened in Dubai. *Id*.

Discord declined Berlia's request to reach a resolution. Exh. 9. Berlia recently renewed his requests but Discord refused to allow a deposition. *See* Exhs. 10 and 14.

## ARGUMENT

**1. MOTION TO COMPEL**

Discord has refused to engage with Berlia's request for a short deposition and has not engaged with Berlia's concern that it did not provide all noncontent documents or data in response to the subpoena. Discord has said it would not "confirm or deny" whether it produced all "non-content" records in response to "informal" letters or emails. *See* Exh. 7. In other words, unless Berlia files this motion to compel, Discord will not respond to the issues and concerns that Berlia's counsel has raised in communications to Discord.

Berlia moves to compel the deposition of a custodian of records or corporate

representative to testify regarding the information contained in the documents it produced, Discord's definition of noncontent versus content documents, and its production and nonproduction of responsive documents. Berlia further seeks information regarding scope of noncontent information such as metadata related to images (but not the images themselves), different subscribers, time stamps for messages from and between subscribers related to groups, servers, and channels, and data indicating which subscribers were the founders or administrators of these groups, servers, and channels.

Discord's production is predicated on its internal evaluation of these issues, which is not publicly known. Whether Discord complied with its discovery obligations cannot be determined based on the production. Berlia's request for a deposition to answer these questions is reasonable and within the scope of his § 1782 Application.

## 2. MOTION FOR COSTS

By stating that it would not respond to Berlia's "informal" requests for Discord to confer and clarify basic issues associated with its 5-page production, Discord refused to confer in food faith. Berlia had no option but to incur additional costs and file this motion. Because Discord has acted in bad faith, Berlia moves for his costs and expenses in filing this motion.

## 3. REQUEST FOR EXPEDITED BRIEFING SCHEDULE

Because this matter involves issues of child welfare and an ongoing criminal investigation in Dubai, Applicant requests an expedited briefing schedule and decision.

## 4. CONCLUSION

For the reasons stated above, Applicant Aditya Berlia respectively requests that the Court grant this motion, order the deposition of Discord's custodian of records, and award him costs

and expenses, as well as any other relief, in law and equity, to which he may be entitled.

Respectfully submitted,

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: */s/ Eric J. Cassidy*
Eric J. Cassidy
Fed. Bar No. 30001
Tex. Bar No. 24031807
Two Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
(713) 331-2456
Fax: (713) 759-0712
ecassidy@curtis.com
*Attorneys for Applicant Aditya Berlia*

Dated: July 24, 2026

**SIGNATURE ATTESTATION**

I, Eric J. Cassidy, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all counsel have conferred about this motion and Discord Inc. opposes the motion.

Dated: July 24, 2026

/s/ *Eric J. Cassidy*
Eric J. Cassidy (admitted *pro hac vice*)

*Attorney for Applicant Aditya Berlia*

**[PROPOSED] ORDER**

**PURSUANT TO THE APPLICANT'S MOTION, IT IS HEREBY ORDERED THAT:**

1. Discord Inc. is to produce its custodian of records for a deposition to testify regarding Discord's production and the issues raised by Applicant in his motion within seven (7) days of the date this Order is issued.

**IT IS SO ORDERED.**

Dated:

______________________________
Honorable Lisa J. Cisneros
United States Magistrate Judge