ZwillGen
1900 M Street NW, Suite 250
Washington, DC 20036
**Phone:** +1 (202) 296 3585
**Website:** www.zwillgen.com

Eric Cassidy
Partner
Curtis, Mallet-Prevost, Colt & Mosle LLP
ecassidy@curtis.com
*By email*

May 20, 2026

Dear Eric –

We are in receipt of your email, dated May 19, requesting additional information regarding Discord's May 11 production of records (the "Production") responsive to the subpoena issued by the United States District Court for the Northen District of California on May 6, 2026 (the "Subpoena").

Discord conducted a reasonable search for records responsive to the Subpoena and produced responsive records within its possession, custody, or control as those records are kept in the ordinary course of business. *See* Fed. R. Civ. P. 45(e)(1)(A).

You indicated that portions of the Production are difficult to interpret because they contain Discord internal identifiers or formatting. The records were produced as maintained in the ordinary course of business. As previously explained, the Stored Communications Act prohibits Discord from knowingly divulging the contents of user communications, including certain user-generated information such as server names. *See* 18 U.S.C. § 2702(a)(1).

You also requested that Discord identify whether additional non-content records exist that were not produced in response to the Subpoena. Discord does not, in response to informal requests, confirm or deny the existence of user data beyond what is responsive to valid legal process.

Finally, you requested the deposition of a Discord records custodian or corporate representative. Discord declines that request. The Production includes a certificate of authenticity sufficient to satisfy Federal Rules of Evidence 902(11) and 902(13), and Discord does not believe further testimony is warranted.

Moreover, a deposition cannot be used to obtain information that Discord is prohibited from disclosing under the Stored Communications Act, including the contents of communications or other protected user information. *See* 18 U.S.C. § 2702. Nor would a deposition expand the scope of information available beyond what may lawfully be disclosed in response to valid legal process.

Further, because this matter arises under 28 U.S.C. § 1782, any deposition would require authorization from the Court. At minimum, Discord would oppose any such request on the grounds that it would impose an undue burden on a non-party and would seek information that is either cumulative of the existing Production, prohibited from disclosure under the Stored Communications Act, irrelevant to the issues presented, or otherwise intrusive and disproportionate to the needs of the proceeding. *See* Fed. R. Civ. P. 45(d)(1). Discord expressly reserves its rights and privileges with regard to any such request.

Sincerely,

Lau[redacted]e Bernstein
ZwillGen PLLC

cc: Oliver Kiefer