CURTIS

**Curtis, Mallet-Prevost, Colt & Mosle LLP**

Almaty
Astana
Beijing
Bogotá
Brussels
Buenos Aires
Dubai
Frankfurt
Geneva
London
Mexico City
Milan
Muscat
New York
Paris
Riyadh
Rome
Washington, D.C.

Two Houston Center
909 Fannin Street
Suite 3800
Houston, Texas 77010-1010

**Telephone +1 713 759 9555**
**Facsimile +1 713 759 0712**
www.curtis.com

**Eric J. Cassidy**
Tel: +1 713 331-2456
E-Mail: ecassidy@curtis.com

May 23, 2026

Via Email to: *Laura-Kate@Zwillgen.com*

ZwillGen PLLC
Ms. Laura-Kate Bernstein
1900 M Street NW, Suite 250
Washington, D.C. 20036

Subject: Case No. 3:25-MC-80306-LJC: *In re Discord Inc.*

**Re: Discord Inc.'s Production in Response to the Berlia Family Subpoena**

Laura-Kate,

This is a partial response to your letter of May 20, 2026.

The Berlia Family wants to work toward a resolution to the discovery issues that I previously outlined to you. This is a child welfare matter regarding the possible harm to two children. We've informed Discord that there is now a criminal matter in Dubia regarding these issues, as well as certain civil proceedings. We've also informed you that, in recent weeks, time has become of the essence, as there are new deadlines in the litigation. Most recently, the Dubai court has set a June 4, 2026 deadline for certain information that is responsive to the Berlia subpoena. We would like to work with Discord to receive the documents / information requested in as efficient manner as possible and in a way that satisfies the interests of both parties.

The Berlia subpoena should have resulted in Discord producing certain metadata and noncontent materials. It was not produced, as I previously indicated. Can you shed some light on the reason this information was not produced? Is it because none exists? Was the scope of the requests, authored by Discord, too narrow to produce the noncontent documents and information that Discord agreed to produce?

We would ask that you consider working with the Berlia Family to see if a solution to the discovery issues can be reached by the parties. Simply saying, in response to a request to confer and work out a discovery issue, that Discord will not "confirm or deny" whether it produced certain information in response to an "informal" letter will only delay the matter and frustrate the

Court. We want to cooperate with you to minimize delay given the exigent circumstances. As you know, the Court has indicated it is concerned because the requested discovery relates to child welfare.

Finally, the Berlia Family is not requesting that Discord produce "content" of users. The sections of the Stored Communications Act that you are misplacing reliance on are inapplicable to the noncontent information Discord previously agreed to produce. Mr. Godwin and Ms. Ortega have also provided their consent to Discord Inc. producing responsive information. Thus, the Act is inapplicable.

While reserving the Berlia Family's right to provide a more direct response to the issues that you have raised in your letter of May 20, 2026, I would ask you what path the parties could follow to resolve these issues without court intervention?

I expect a response by COB on Tuesday, May 26, 2026. Please let me know if a call would be helpful.

Very truly yours,

*/s/ Eric J. Cassidy*

Eric J. Cassidy