CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Jerrold L. Bregman
C.A. Bar No. 149896
101 Park Avenue
New York, New York 10178
Tel.: (212) 696-6000
Email: jerry.bregman@curtis.com

Eric J. Cassidy (*pro hace vice* granted)
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
Two Houston Center
909 Fannin Street, Ste. 3800
Houston, Texas 77010
Tel.: 759-9555
Fax: (713) 759-0712
Email: ecassidy@curtis.com

*Attorney for Applicant Aditya Berlia*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aditya Berlia, *Applicant*,<br><br>v.<br><br>Discord Inc., *Respondent*. | Case No. 3:25-MC-80306-LJC<br><br>**APPLICANT'S MOTION TO STRIKE AND REQUEST FOR COSTS AND EXPENSES** |

## SUMMARY OF THE MOTION

Applicant Aditya Berlia moves to strike footnote 3 in the Joint Letter Brief (Doc. 36) based on Discord Inc.'s ("Discord") failure to cooperate in the preparation of the joint letter. Discord did not allow Berlia an opportunity to address the statements alleged in footnote 3 before Discord filed the letter with the Court, as required by section F.5 of the Court's Civil Standing Order. Discord inserted footnote 3, in which it makes disparaging comments against Berlia's attorney and alleges that Berlia has engaged in "extra-judicial" demands or misconduct, without notifying Berlia. Discord sent footnote 3 to Berlia – for the first time – in a redline of the final draft at 10:32 p.m. on August 3, 2026. Discord filed the joint letter a minute later, at 10:33 p.m.

Discord signed the attestation stating that it conferred with Discord on the issues that it raised in footnote 3, including its claim that Berlia is engaging in "extra-judicial" misconduct. That is untrue. Discord did not raise these issues before filing the letter. Discord's attestation is therefore incorrect and untrue.

Finally, Berlia notes that the statements made by Discord in footnote 3 are irrelevant to the substance of the discovery dispute between the parties. They appear intended to paint counsel and Berlia in a bad light. However, for the record, the quote attributed to Berlia's counsel and Discord's claims of extra-judicial misconduct and other allegedly ominous behavior are untrue.

Applicant Berlia moves to strike footnote 3 from the Joint Letter Brief and the record as a whole. Berlia requests his costs and expenses.

## PROCEDURAL POSTURE

On July 27, 2026, the Court ordered the parties to file a joint letter outlining their positions regarding a discovery dispute on or before August 3, 2026. Doc. 3.

On August 3, 2026, the parties exchanged approximately five drafts of the joint letter, numerous emails, and held a virtual conference. During the process, Discord never raised any objections or requested additional time to make edits. At 9:33 p.m. EST, Berlia emailed Discord, attaching his final version of the draft, and expressly requested to review any additional changes made by Discord before Discord filed the joint letter:

> Attached is a clean copy and a pdf/redline of Applicant's revisions to his statement. The revisions respond to Discord's arguments. We have made no changes …[to] Discord's position statement. It [is] your statement. **However, if Discord makes changes to its position, please send me a redline.** Applicant does not intend to further respond to Discord's statement or any changes, **but I'd like to review any change before it's filed. Once that's done, you can sign the attestation and my signature by permission.** Please let me know if you have any questions. I'm available to talk.

*See* Ex. 1 (emphasis added).

An hour later, at 10:32 EST, Discord sent an email to Berlia with an attachment labelled in part "FINAL redline 2026.08.03." There was no message in the body of the email. *See* Ex. 2.

A minute later at 10:33 EST, Discord filed the joint letter with the Court. *See* Ex. 3.

Without notifying Berlia, or providing Berlia with an opportunity to address a new argument made by Discord in footnote 3, Discord filed the joint letter. Footnote 3, which Discord only inserted in the last version of the joint letter, contains direct allegations against Berlia's attorney. It reads:

> Discord never "threatened" sanctions as Berlia contends **(although Berlia has made a practice of doing so)**. During the Parties' July 29 meet and confer, Discord raised that it was considering a rule 45(d)(1) motion **based on the undue burden and unusual expense associated with the volume of Berlia's extra-judicial demands. Berlia refused to engage on the topic, and instead said "Bring it on, I'm not speaking to you any more" and abruptly ended the call.** It is not **Discord's usual practice to bring such unprofessional behavior to the Court's attention**, and does so her only in response to Berlia's misrepresentation.

*See* Doc. 36 at 4, n.3 (emphasis added).

Approximately 11 minutes later at 10:44 p.m. EST, Berlia emailed Discord, noted that the joint letter had been filed without giving Berlia an opportunity to review it prior to filing as requested in Exhibit 1. Berlia disputed the incorrect statements in the footnote, and requested the factual bases for Discord's statements and the alleged quote that was attributed to his attorney. *See* Ex. 4. Berlia specifically asked for copies of any emails, letters, or transcripts in which Berlia's attorney made the statement that was attributed to him. *Id*. Berlia also requested a list of the instances when he allegedly made a "practice" of requesting sanctions.

Discord did not reply to Berlia's email on August 3, 2026.

On Tuesday morning, Discord responded, stating that "[g]iven that it was after 10 pm east coast and no changes were going to your statement, I filed shortly after sending the redline." *See* Ex. 5. Discord continued, saying that "[t]he quote" is from Discord's attorney's "notes." Discord has not provided any independent corroboration related to the alleged quote – no copies of the attorney's notes, and no copies of any such quote in emails, letters, transcripts, or audio recordings. In the approximately five-day period between when Discord alleges the statement was made and the filing of the joint letter on August 3, Discord never referenced the alleged quote in any communication between the parties. Discord also did not specify any other instances when Berlia allegedly made a "practice" of requesting sanctions and provided no support for that statement. There is no independent evidence or factual basis to support the statements made by Discord in footnote 3, which Berlia disputes.

Berlia replied to Discord's email and requested that Discord file an amended joint letter, removing footnote 3:

> This email is to confer with you regarding the footnote you added. In an effort to resolve the issue, I will agree to filing an amended joint letter brief in which the footnote is deleted. The Court can then focus on the substantive issues. If you decline to amend, I will move to strike the footnote in a filing today and ask for costs. *See* Ex. 6. Please advise me of your decision by 12 noon Eastern.

At Discord's request, Berlia extended the time for a reply to 4 p.m., and, in fact, has provided Discord with more than 24 hours to amend the joint letter. Discord has refused.

Berlia now moves to strike footnote 3 and for costs and expenses.

## ARGUMENT

### 1. DISCORD DID NOT COMPLY WITH SECTION F.5

By disregarding Berlia's request to see any additional changes to the draft joint letter before Discord filed it, Discord violated section F.5's requirement that Discord "cooperate in the preparation of [the] joint letter" and allow Berlia to "address its adversary's arguments before the submission of the letter." *See* Civil Standing Order for Magistrate Judge Lisa J. Cisneros at 5, § F.5. Based on the record, it's fair to conclude that Discord intended to "sneak" its footnote into the joint letter without informing Berlia. The parties exchanged approximately five drafts of the joint letter and numerous emails. Berlia's statement that Discord "threatened sanctions" was in each draft exchanged. Yet Discord never raised the issue or inserted footnote 3 into the draft until 10:33 p.m. – a minute before it filed the joint letter.

Moreover, the email attached to the final redlined draft was empty and contained no message of any kind, much less notice to Berlia that a footnote making allegations against his attorney had been added. Discord filed the clean, final draft a minute after sending the redline draft to counsel, thus denying counsel an opportunity to review the redline before filing.

Discord further signed the attestation stating that it had conferred with Berlia "regarding all issues prior to filing the letter." However, Discord never conferred with Berlia regarding the issues raised in footnote 3, despite the fact that the parties had a virtual conference. Thus, the attestation signed by Discord is false and inaccurate.

For the record, Berlia's counsel denies that he made the statement that is quoted and attributed to him in footnote 3. Discord has provided no documents or evidence to corroborate

that counsel made the statement alleged in the footnote. The claim that the only record of the quote is in purported "notes" made by the attorney who failed to properly confer and signed the attestation is convenient, at best. On this record, it's fair to conclude that Discord has cut the quote attributed to counsel from whole cloth.

Similarly, Discord's allegation that Berlia has made "extra-judicial demands" is false. See Doc. 26 at 5, n.3. At no time has Discord ever conferred on such a claim or provided any facts to support it, whatever the term is intended to mean. Indeed, what Discord is implying by the term "extra-judicial" is a mystery. Berlia has pursued discovery from Discord in a 28 U.S.C. 1782 application. Berlia has never "made demands" to Discord outside of this case or made "extra-judicial" requests of any nature whatsoever.

Even if such a statement was made (it was not), it is irrelevant to the substantive issues before the Court. Discord is attempting to paint counsel with a black brush in an effort to deflect from its actions in repeatedly representing that it had produced all documents in response to the subpoena, when it plainly did not. Discord was forced to make a supplemental production because of Berlia's insistence that Discord produce all documents and agree to a custodian of records deposition. Berlia persisted in the face of Discord's threatened sanctions and forced the supplemental production by informing Discord that Applicant had hired a forensic computer expert and they knew that Discord's production was incomplete. Only then did Discord produce additional documents. Discord now calls counsel "unprofessional" and relies on an alleged quote that has no foundation in fact. That is the pot calling the kettle black.

Because Discord did not comply with section F.5 of the Standing Order, Berlia moves the Court to strike footnote 3 of the Joint Letter and order that Discord amend the joint letter, delete footnote 3, and refile it.

## 2. MOTION FOR COSTS

Berlia requests his costs and expenses related to this motion.

## 3. CONCLUSION

For the reasons stated above, Applicant Aditya Berlia respectively requests that (i) the Court grant this motion, (ii) find that Discord Inc. violated the Standing Order section F.5, (iii) order Discord to amend the Joint Letter and delete footnote 3, (iv) request that Berlia submit a bill of costs, and (v) award Berlia his costs for this motion, (vi) as well as any other relief, in law and equity, to which he may be justly entitled.

Respectfully submitted,

**CURTIS, MALLET-PREVOST, COLT & MOSLE LLP**

By: *<u>/s/ Eric J. Cassidy</u>*
Eric J. Cassidy
Fed. Bar No. 30001
Tex. Bar No. 24031807
Two Houston Center
909 Fannin Street, Suite 3800
Houston, Texas 77010
(713) 331-2456
Fax: (713) 759-0712
ecassidy@curtis.com
*Attorneys for Applicant Aditya Berlia*

Dated: August 5, 2026

## SIGNATURE ATTESTATION

I, Eric J. Cassidy, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that all counsel have conferred about this motion and Discord Inc. opposes the motion.

Dated: August 5, 2026

/s/ *Eric J. Cassidy*
Eric J. Cassidy (admitted *pro hac vice*)

*Attorney for Applicant Aditya Berlia*

**[PROPOSED] ORDER**

**PURSUANT TO THE APPLICANT'S MOTION, IT IS HEREBY ORDERED THAT:**

1. Applicant Anitya Berlia's Motion to Strike and for Costs and Expenses is hereby GRANTED. Footnote 3 to the Parties Joint Letter (Doc. 36) is stricken from the document and the record.
2. Discord Inc. is ordered to amend the Joint Letter, delete footnote 3, confer with Berlia on the final amended Joint Letter, and refile the same within 24 hours of the date of this Order.
3. Berlia is requested to file a bill of costs related to this motion for the Court to consider an award of costs and expenses against Discord and in favor of Berlia.

**IT IS SO ORDERED.**

Dated:

____________________________________
Honorable Lisa J. Cisneros
United States Magistrate Judge