Oliver M. Kiefer (SBN 332830)
ZwillGen Law LLP
369 Pine Street, Suite 506
San Francisco, CA 94101
Telephone: (415) 590-2335
oliver.kiefer@zwillgen.com

Laura-Kate Bernstein (admitted *pro hac vice*)
ZwillGen PLLC
1900 M Street NW, Suite 250
Washington, DC 20036
Telephone: (202) 706-5252
laura-kate@zwillgen.com

*Attorneys for Respondent*
*Discord Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Aditya Berlia,<br><br>*Applicant*,<br><br>v.<br><br>Discord Inc.,<br><br>*Respondent*. | Case No. 3:25-MC-80306-LJC<br><br>**RESPONDENT DISCORD INC.'S RESPONSE IN OPPOSITION TO APPLICANT'S MOTION TO STRIKE AND REQUEST FOR COSTS AND EXPENSES** |

## I. INTRODUCTION

Applicant Aditya Berlia's ("Berlia") Motion to Strike asks the Court to resolve a collateral dispute regarding a single footnote in the parties' joint discovery letter. It seeks extraordinary relief: striking part of the filing, requiring Discord Inc. ("Discord") to redraft and refile its portion of the letter, finding that Discord violated the Court's Standing Order, and awarding costs. Yet Berlia identifies no Federal Rule of Civil Procedure, Local Rule, statute, or provision of the Court's Standing Order authorizing any of that relief.

The Motion should be denied for three independent reasons. First, it does not comply with either the Court's Civil Standing Order or the Northern District of California's Civil Local Rules governing motion practice. Second, even if the Court overlooks those procedural defects, Berlia identifies no legal authority empowering the Court to grant the relief he requests. Third, the Motion fails on the merits. The record demonstrates that Discord fully complied with Section F.5 of the Standing Order by cooperating extensively in preparing the joint letter, following Berlia's own filing instructions, and including Footnote 3 only in direct response to Berlia's characterization of the parties' July 29 meet-and-confer.

Berlia's Motion also accuses undersigned counsel of fabricating a quotation, signing a false attestation, and misleading the Court. Those accusations are serious. They are also incorrect. As explained in the accompanying declaration, Footnote 3 accurately reflects undersigned counsel's contemporaneous recollection of the July 29 meet-and-confer and was based on contemporaneous notes as well as communications created immediately following the conference. The Motion's unsupported accusations against counsel therefore provide no basis for the relief Berlia seeks.

Because Berlia has identified neither a procedural nor factual basis for the relief requested, the Motion should be denied.

## II. BERLIA'S MOTION DOES NOT COMPLY WITH THE COURT'S STANDING ORDER OR THE CIVIL LOCAL RULES.

The Court may deny the Motion on procedural grounds alone, because the Motion does not comply with either the Court's Standing Order or the Civil Local Rules governing motion practice.

### A. Berlia did not comply with the Court's mandatory meet-and-confer requirements.

The Court's Civil Standing Order requires the parties to "meet and confer (in person, by video conference, or by phone) before filing any motion or non-stipulated request" and requires the moving party to certify compliance. Civil Standing Order § E.1. The Standing Order further provides that the Court may strike filings that fail to comply.

Berlia did not comply with those requirements. After Discord declined Berlia's request to amend the joint letter voluntarily, Berlia advised by email that he intended to file the present motion unless Discord capitulated. Berlia never requested an in-person meeting, telephone conference, or videoconference to discuss the motion. Decl. of Laura-Kate Bernstein ("Decl.") ¶ 41. Nor does the Motion certify compliance with Section E.1 because no such conference occurred.

This procedural defect is particularly notable because the Court only recently struck Berlia's prior motion for failure to comply with the procedures governing discovery disputes and directed the parties to follow the Standing Order going forward. *See* Dkt. 33. Berlia nevertheless elected to file another non-conforming motion.

### B. Berlia did not comply with the Civil Local Rules.

The Motion independently fails to comply with the Civil Local Rules. First, Berlia did not notice the Motion in accordance with Civil Local Rules 7-1(a) and 7-2. The Motion contains no noticed hearing date or time and was not filed on the Court's motion calendar as required by the Local Rules.

Second, the Motion rests almost entirely on disputed factual assertions regarding the parties' communications and counsel's alleged conduct. Civil Local Rule 7-5(a), however, requires factual contentions supporting a motion to be supported by affidavit or declaration. Berlia submitted none. Instead, the Motion accuses undersigned counsel of fabricating quotations, signing a false attestation, and misleading the Court, yet offers no declaration from counsel or any other witness attesting to those allegations.

Discord does not raise these procedural deficiencies as technicalities. They are the rules governing motion practice in this District. Where, as here, a motion seeks serious relief based on disputed facts and accusations directed at opposing counsel, compliance with those rules is especially important. Accordingly, the Court may deny the Motion on procedural grounds alone.[1] Even if it reaches the merits, however, the Motion should be denied for the independent reasons discussed below.

## III. BERLIA IDENTIFIES NO AUTHORITY FOR THE RELIEF REQUESTED.

Even if the Court overlooks the Motion's procedural defects, it should be denied because Berlia identifies no legal authority authorizing the relief he seeks. Berlia asks this Court to strike a portion of a joint letter, require Discord to redraft and refile it, and find that Discord violated the Court's Standing Order. Yet the Motion identifies no Federal Rule of Civil Procedure, Local Rule, statute, or provision of the Court's Standing Order authorizing any of that relief.

To the extent Berlia's Motion is styled as a "motion to strike" under Federal Rule of Civil Procedure 12(f), that Rule is inapplicable. Rule 12(f) authorizes a court to strike material only from a "pleading," and a joint discovery letter is not a pleading. *Krass v. Thomson-CGR Med. Corp.*, 665 F. Supp. 844, 847 (N.D. Cal. 1987) (motion to strike not merited because Rule 12(f) only applies to pleadings).

Nor has Berlia identified any basis for invoking the Court's inherent authority. While district courts possess inherent authority to manage their dockets, that authority is generally exercised to strike filings that violate court orders or applicable rules (as this Court has done with Berlia's other non-compliant filings, *see* Dkt. 33), or that otherwise interfere with the orderly administration of the case—not to excise portions of authorized briefing merely because an opposing party disputes their accuracy. Where a challenged filing is properly before the Court, the

[1] Failure to comply with this Court's Standing Order and the Civil Local Rules is sanctionable conduct. Civil Standing Order Introduction ("Failure to comply may result in the imposition of sanctions, including monetary sanctions, dismissal, and/or entry of judgment."); Civil L.R. 1-4 ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule may be a ground for imposition of any authorized sanction.").

ordinary course is simply to disregard arguments or assertions the Court finds immaterial or unsupported.

Berlia's request for costs fares no better. The Motion cites no rule or statute authorizing an award of attorney's fees or expenses under these circumstances. Instead, Berlia simply requests costs as an adjunct to a motion that itself lacks any identified procedural foundation. That request should be denied.

At bottom, Berlia asks the Court to expend judicial resources resolving a collateral dispute over a single footnote in a properly filed joint discovery letter, to rewrite that filing, and to award fees—all without identifying a procedural mechanism authorizing such relief. If the Court concludes that Footnote 3 has no bearing on the underlying discovery dispute, it may simply disregard it and proceed to the merits. That course is consistent with the Court's broad discretion to manage discovery efficiently and avoids precisely the sort of satellite litigation that Berlia's Motion invites.

## IV. DISCORD FULLY COMPLIED WITH SECTION F.5 OF THE COURT'S STANDING ORDER.

Berlia's Motion rests on the premise that Discord violated Section F.5 of the Court's Standing Order by filing the parties' joint letter without affording Berlia an opportunity to respond to Footnote 3. Section F.5 requires the parties to cooperate in preparing a joint letter "so that each side has adequate time to prepare its own arguments and address its adversary's arguments before submission of the letter." Civil Standing Order § F.5. Discord did precisely that.

The chronology reflects sustained efforts by Discord to facilitate the joint filing and ensure Berlia had adequate time to prepare his own arguments and address Discord's. After the Court struck Berlia's prior non-conforming motion and directed the parties to proceed under Section F.5, Discord promptly attempted to schedule the required meet-and-confer. Decl. ¶ 3. Berlia did not respond, so Discord reached out again the following day. *Id.* ¶ 4. The Parties met and conferred via videoconference on July 29. *Id.* ¶ 5. That same day, Discord proposed a drafting process intended to avoid last-minute revisions and after-hours filing. *Id.* ¶ 11, Exhibit A. Berlia did not respond. Decl. ¶ 12. When Discord later discovered an inadvertent collection error and

supplemented its production, it promptly informed Berlia and proposed circulating a draft status report updating the Court on that development. *Id.* ¶¶ 15–17. Berlia advised he would respond within twenty-four hours but did not do so. *Id.* ¶¶ 18–19.

Discord followed up again on the morning of August 3, the filing date. *Id.* ¶ 20. Berlia *then* responded by establishing his own drafting schedule.[2] *Id.* ¶ 21. He advised that he would provide Berlia's portion by 2:00 p.m. and would assume responsibility for filing the joint letter only if Discord finalized its portion by 5:00 p.m. *Id.* Discord received Berlia's draft shortly after 2:00 p.m. and his exhibits shortly after 4:00 p.m. *Id.* ¶¶ 22–23. Despite the compressed schedule, Discord circulated its draft at 6:46 p.m.—before receiving final client approval—to maximize Berlia's opportunity to review and revise his own portion of the letter. *Id.* ¶ 24. Berlia responded approximately three hours later with substantial revisions to his own section[3] and instructed Discord that he "does not intend to further respond to Discord's statement or any changes" and requested that Discord send a redline "if Discord makes changes to its position," and "[o]nce that's done," to sign and file. *Id.* ¶ 25.

Discord complied with those instructions. Although Discord made no substantive changes to its position, it nevertheless prepared and transmitted the requested redline as a courtesy before filing the joint letter. *Id.* ¶¶ 27–29. Berlia's Motion now asks the Court to infer an additional requirement—that Discord was obligated to await further review or affirmative approval before filing. Neither Berlia's instructions nor Section F.5 contains such a requirement.

Berlia also contends that Discord failed to permit him to "address" Footnote 3 before filing. Dkt. 37 at 1. But the subject of Footnote 3 was not new. Berlia himself chose to place the parties' July 29 meet-and-confer before the Court by asserting that Discord had "threatened sanctions" and by criticizing Discord's conduct during that conference. Dkt. 36 at 2. Footnote 3

---

[2] The parties did not, as Berlia stated in his Motion, hold a virtual conference on August 3. After filing the motion, Berlia's counsel agreed that no such conference was held. Decl. ¶¶ 30, 43, 45.

[3] Berlia sent what he purported to be a clean copy and redline of his statement. In fact, the two documents did not match, which required Discord to expend additional time reconciling the two. Decl. ¶¶ 25–26.

simply disputed Berlia's characterization of those events. It did not alter Discord's position on the discovery dispute or expand the issues presented to the Court.

In short, the record demonstrates cooperation, not noncompliance. Discord proposed procedures to facilitate preparation of the joint letter, circulated drafts, accommodated Berlia's compressed schedule, assumed responsibility for filing, complied with Berlia's request for a redline, and filed the letter consistent with Berlia's own instructions. Berlia never conveyed that he wished for Discord to wait for an additional round of edits or approvals after sending the redline—to the contrary, he conveyed that he did not intend to make additional changes but would like to review the redline before it was filed. Decl. ¶ 25. Berlia has identified no provision of the Standing Order imposing the additional procedural requirement he now asks the Court to create. The Court should decline to do so.

## V. FOOTNOTE 3 WAS A PROPER RESPONSE TO BERLIA'S CHARACTERIZATION OF THE PARTIES' MEET-AND-CONFER.

Berlia asks the Court to strike Footnote 3 because, he contends, its inclusion violated Section F.5 of the Court's Standing Order. As explained above, Discord fully complied with the Standing Order. The Court therefore need not consider the substance of Footnote 3 to deny the Motion. Even if it does, however, Footnote 3 was properly included.

Berlia's own portion of the joint letter repeatedly characterized Discord's conduct during the parties' July 29 meet-and-confer. Among other things, Berlia asserted that "Discord's attorneys[4] subsequently threatened sanctions against Applicant's attorney" and dismissed Discord's offer to answer questions regarding its production through a call with Trust & Safety Counsel as merely "unsworn statements from yet another Discord attorney." Dkt. 36 at 2. Discord was entitled to respond to those characterizations.

Footnote 3 did not alter Discord's position on the underlying discovery dispute, introduce a new issue, or expand the scope of the parties' disagreement. Rather, it briefly disputed Berlia's

[4] I was the only attorney representing Discord present during the meet and confer. Berlia's repeated contentions that Discord's "attorneys" "threatened sanctions" "when conferring" is also inaccurate for that reason. Decl. ¶ 6.

description of the July 29 meet-and-confer and explained why Discord believed Berlia's characterization was inaccurate. That is precisely the type of responsive advocacy contemplated by a joint discovery letter.

Berlia now attributes a number of improper motives to Discord, asserting that Discord intended to "sneak" the footnote into the filing, to "paint counsel . . . in a bad light," or to "deflect" from its supplemental production. Dkt. 37 at 1, 4, 5. Those assertions are unsupported and unnecessary. The more straightforward explanation is the correct one: *Berlia* chose to place the parties' July 29 meet-and-confer before the Court by accusing Discord of threatening sanctions and questioning its conduct during the discovery process. Dkt. 36 at 2. Discord responded to those accusations in a single footnote so that the Court would have both parties' respective accounts. Decl. ¶ 34.

Berlia also suggests that Footnote 3 was intended to distract from Discord's supplemental production. It was not. Discord acknowledged the inadvertent collection error, promptly corrected it, and supplemented its production immediately upon discovering the issue. The supplemental production is fully addressed in the parties' joint letter. Footnote 3 neither minimizes nor attempts to excuse that error; it simply responds to Berlia's separate characterization of the parties' meet-and-confer. *See* Dkt. 36 n.3 (explaining that Discord included its recollection of the July 29 meet and confer "only in response to Berlia's misrepresentation").

In short, Footnote 3 was a limited response to issues Berlia himself elected to present to the Court. It neither changed Discord's substantive position nor violated the Court's Standing Order. Berlia's disagreement with Discord's characterization of the July 29 meet-and-confer provides no basis for striking the footnote or requiring the Discord to redraft and refile the joint letter.

## VI. BERLIA'S ACCUSATIONS AGAINST UNDERSIGNED COUNSEL ARE UNSUPPORTED.

Berlia's Motion repeatedly accuses undersigned counsel of fabricating quotations, submitting a false attestation, and intentionally misleading the Court. Those accusations should not be made lightly, yet Berlia offers no competent evidence to support them. Berlia offers no declaration from counsel denying the events described in Footnote 3, no affidavit from any

witness, and no other evidence supporting his extraordinary assertion that undersigned counsel "cut the quote . . . from whole cloth." Dkt. 37 at 5. Indeed, after receiving Berlia's Motion, Discord attempted to narrow this collateral dispute by asking Berlia's counsel what his own recollection of the July 29 meet-and-confer was. Berlia's counsel declined to provide any alternative account. Decl. ¶¶ 42, 44.

As established in the accompanying sworn declarations, the statements contained in Footnote 3 reflect undersigned counsel's contemporaneous recollection of the July 29, 2026 meet-and-confer.[5] *Id.* ¶¶ 35–36. During the conference, undersigned counsel contemporaneously memorialized the discussion in attorney notes. *Id.* ¶ 10. Immediately following the conference, undersigned counsel communicated the substance of the exchange to Discord and memorialized Berlia's abrupt termination of the conference in a follow-up email to Berlia's counsel. *Id.* ¶¶ 11, 13, Exhibit A. Because the interaction was unusual, undersigned counsel also discussed it with colleagues shortly thereafter. *Id.* ¶ 14. Footnote 3 was based upon those contemporaneous records and recollections. It was not fabricated.

Ultimately, the Court need not resolve the parties' differing recollections of a single meet-and-confer to decide the discovery dispute before it. Discord did not seek to make the parties' meet-and-confer the subject of collateral litigation. Berlia elected to do so by accusing undersigned counsel of fabricating statements submitted to the Court. Discord has therefore submitted the accompanying Declaration to correct the record and permit the Court to resolve Berlia's Motion on an accurate factual basis.

## VII. CONCLUSION

Discord is a nonparty whose only connection to the underlying domestic dispute is as a records custodian. To that end, it negotiated a subpoena with Berlia rather than litigating its

---

[5] Berlia complains that Discord did not provide copies of its privileged work-product and communications. Dkt. 37 at 3. Discord does not waive the attorney-client privilege or work-product protection applicable to counsel's contemporaneous notes or attorney-client communications. Should the Court conclude that review of those materials is necessary to resolve this collateral issue, however, Discord is prepared to submit them for in camera review. Decl. ¶¶ 46–48.

scope, complied with the stipulated subpoena, promptly supplemented its production after identifying an inadvertent collection error, repeatedly proposed less burdensome means of addressing Berlia's concerns, participated in the Court-ordered meet-and-confer, accommodated Berlia's compressed drafting schedule by circulating drafts on an expedited basis, and assumed responsibility for its filing. Despite those efforts, Discord now finds itself responding to a procedurally improper motion concerning a single responsive footnote. Rule 45 requires parties issuing subpoenas to take reasonable steps to avoid imposing undue burden or expense on nonparties. Fed. R. Civ. P. 45(d)(1). Discord respectfully submits that the parties' and the Court's resources would be better directed toward resolving the underlying discovery dispute than litigating collateral disagreements regarding counsel's communications.

Discord respectfully requests that the Court deny Berlia's Motion in its entirety. Discord further requests such other relief as the Court deems just and proper, including, if the Court concludes that the procedurally improper filing of this Motion or the unsupported accusations against undersigned counsel warrant such relief, an award of Discord's reasonable expenses incurred in responding to the Motion.

DATED: August 13, 2026

**ZWILLGEN PLLC**

By: /s/ *Laura-Kate Bernstein*
Laura-Kate Bernstein (admitted *pro hac vice*)
laura-kate@zwillgen.com

*Attorney for Respondent*
*Discord Inc.*